TAYLOR L. SIMPSON, ESQ.
Nevada Bar No. 13956
SUZANNE E. CARVER, ESQ.
Nevada Bar No. 14689
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: taylor@sterlingkerrlaw.com
Email: suzanne@sterlingkerrlaw.com
*Attorneys for Defendant Tako LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN, an individual; | Case No.: 2:21-cv-01373-APG-BNW |
| Plaintiff, | **DEFENDANT TAKO LLC'S MOTION TO REMAND WITH REQUEST FOR INSTRUCTIONS, OR ALTERNATIVELY, <u>MOTION TO DISMISS</u>** |
| vs. | |
| TAKO LLC, a Nevada Limited Liability Company; | |
| Defendant. | |

COMES NOW, Defendant TAKO LLC (hereinafter "Tako LLC"), by and through its counsel, TAYLOR SIMPSON, ESQ., and SUZANNE E. CARVER, ESQ. of the LAW OFFICES OF P. STERLING KERR, and hereby respectfully submits this Motion to Remand with Request for Instructions, or Alternatively, Motion to Dismiss (hereinafter "Motion") against Plaintiff PARNELL COLVIN (hereinafter "Mr. Colvin").

Pursuant to F.R.C.P. Rule 12(b)(1) and 28 U.S.C. §1441(a) and (b), there is no basis for original jurisdiction in federal court, nor is there complete diversity of citizenship between the parties for diversity jurisdiction, thus, Tako LLC respectfully moves this Court to remand this lawsuit back to Las Vegas Justice Court with instructions, as removal based on 28 U.S.C. §1441 is unwarranted. This lawsuit involves issues of State law: breach of contract and unlawful detainer

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone (702) 451-2055  Facsimile (702) 451-2077

claims. Therefore, this Court should remand this case bank to State court.

Tako LLC respectfully requests this Court to order remand back to Las Vegas Justice Court, with instructions regarding the federal questions raised in Mr. Colvin's initial filling with this Court, as follows: (1) a bankruptcy stay terminates when the bankruptcy lawsuit is dismissed; and, (2) the Center for Disease Control and Prevention's (hereinafter "CDC") nationwide eviction moratorium was struck down by the U.S. Supreme Court in *Alabama Assn of Realtors v. Department of Health and Human Servs, et.al.,* 594 U.S. __ (2021); thus, that law cannot be violated, as the CDC exceeded its authority when it extended the nationwide eviction moratorium when Congress decided not to act to extend it. Therefore, Tako LLC respectfully requests that this Court order remand this lawsuit back to Las Vegas Justice Court with the instructions: (1) following dismissal of the bankruptcy action, the bankruptcy stay terminates; and (2) because the U.S. Supreme Court held the CDC's eviction moratorium exceeded its authority, the U.S. Supreme Court held that the CDC's moratorium extension was unlawful.

Pursuant to 28 USC 1447(c), Tako LLC respectfully requests this Court, as "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." for "[a]n order remanding the case … [and for Mr. Colvin to make] payment of just costs and any actual expenses, including attorney fees, as a result of the removal." *See* 28 USC 1447(c).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

Alternatively, pursuant to F.R.C.P. Rule 12(b)(5) and (6), Tako LLC respectfully requests this Court to dismiss this lawsuit unless it finds that there is a separate lawsuit involving a federal question. This Motion is made pursuant to 28 U.S.C. §§1441, 1446, 1447, and F.R.C.P. Rule 12(b)(1)(5) and (6).  It is also based upon the pleading and papers on file, the memorandum of points and authorities included herein, and any oral argument this court may desire.

DATED this 23rd day of September, 2021.

Respectfully submitted:
LAW OFFICES OF P. STERLING KERR

By: */s/ Suzanne E. Carver*
TAYLOR L. SIMPSON, ESQ.
Nevada Bar No. 13956
SUZANNE E. CARVER, ESQ.
Nevada Bar No. 14689
*Attorneys for Defendant Tako LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Tako LLC owns the real property located at 6681 Tara Avenue, Las Vegas, Nevada 89146 (hereinafter the "Property"). At no time has Mr. Colvin held any ownership interest in the Property. Tako LLC and Mr. Colvin (collectively, the "Parties") originally had a 2-year Residential Lease Agreement ("Lease"). *See* Residential Lease Agreement attached hereto as **Exhibit A**. Mr. Colvin and his spouse Monica agreed to pay monthly rent to Tako LLC in the amount of $2,640.00 per month, beginning on April 1, 2018, and ending on March 31, 2020. On or about June 1, 2019, ten (10) months before the termination of the Lease, Mr. Colvin breached the Lease and stopped paying monthly rent to Tako LLC.

/ / /

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

On or about March 16, 2020, the State of Nevada declared an emergency shut down due to the COVID-19 pandemic. However, **Mr. Colvin breached the Lease and stopped paying Tako LLC rent ten (10) months prior to the pandemic. Therefore, Mr. Colvin's inability to pay rent to Tako LLC was not a result of the pandemic.** Thereafter, Tako LLC did not renew the Lease, and to date, the Colvins have made no partial payments nor contributions towards their monthly rental obligations. Tako LLC has had the sole financial burden of paying to maintain the Property, including paying for its Property Manager, real property taxes, insurance, and other expenses since June 1, 2019.

In March of 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub.L. 116-136, 134 Stat.281, and imposed a 120-day eviction moratorium for properties that participated in federal assistance programs or were subject to federally back loans. §4024, *id.* at 492-494. When the eviction moratorium ended in July of 2020, Congress did not renew it. After March 31, 2020, the Colvins became holdover tenants, and at best, had a month-to month periodic tenancy. The Colvins have never had any ownership interest in the Property at issue but have solely been tenants of the Property. Because the end of the Lease period coincided with the beginning of the COVID-19 pandemic, Tako LLC was unable to evict Mr. Colvin from the subject Property due to State of Nevada's eviction moratorium, which Tako LLC honored.

On or about April 21, 2021, the Colvins filed Chapter 7 Voluntary Petition (hereinafter "Petition") in the U.S. Bankruptcy Court, Case No. 21-12012-abl. After filing their Petition, the Colvins failed to meaningfully participate in their bankruptcy case, and their rental debt owed to Tako LLC was not discharged in bankruptcy. Thereafter, Mr. Colvin's Chapter 7 Bankruptcy was dismissed on or about July 7, 2021. *See* Notice of Dismissal: Notice that All Pending Hearings Are Vacated, filed as Doc. 40 on 07/07/21, attached hereto as **Exhibit C.** Following dismissal of the

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

bankruptcy case, there is no stay of bankruptcy. *See* 29 U.S.C. 362(c)(3)(B).

In an effort to regain possession and control of the Property, Tako LLC began summary eviction proceedings against Mr. Colvin in July of 2021. On or about July 15, 2021, Tako LLC served its Five-Day Notice of Unlawful Detainer upon Mr. Colvin. Because Mr. Colvin's bankruptcy lawsuit was dismissed without discharging his rental payment obligations to Tako LLC, bankruptcy stay was not violated as the lawsuit was dismissed. *See* 29 U.S.C. 362(c)(3)(B).

In response to the Five-Day Notice of Unlawful Detainer, Mr. Colvin filed an Application to Proceed in Forma Pauperis ("Application") in the Las Vegas Justice Court, Case No. 21E014316, and stated that he does not receive public assistance on or about July 19, 2021. *See* Application, 1:paragraph 1. Mr. Colvin stated his income on the Application as "$1300," and his expenses as "$3900," which includes the "$2600." Thus, because Mr. Colvin is not obtaining any public assistance, he has NO ability to make any payments toward rent, as his expenses exceed his income by $2,600 ($3,900/expenses - $1,300/income =$2,6000/rent). *See* Application to Proceed in Forma Pauperis, filed on July 19, 2021, attached hereto as **Exhibit B.** Mr. Colvin erroneously stated his monthly rental obligation as $2,600; however, it is $2,640.00, because Tako LLC also included $40.00 towards utilities.

Two days later, on or about July 21, 2021, when Mr. Colvin filed his Answer to Complaint for Unlawful Detainer ("Answer"), he used a "Civil Cover Sheet" for a federal district court filing, and checked the box for "Federal Question" in response to the question for "Basis of Jurisdiction"; he also added a page to the Civil Cover Sheet, entitled "Removal jurisdiction -Wikipedia" with references to cases that have been previously removed to federal court from state court, and an external link to 28 U.S. C. §1441 -Actions removable generally." Thereafter, on July 21, 2021, Mr. Colvin removed this eviction lawsuit from Las Vegas Justice Court to this Court claiming that there is subject matter jurisdiction based on the following allegations:

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

/ / /

> "[D]efendants [TAKO, LLC] violated the federal law plaintiff was also protected by the automatic stay protections that comes with the filing of bankruptcy. Defendants never got permission to have the stay lift.

*See* "Jurisdiction"-entitled document, Doc. 1, 2:2-5, filed 07/21/21.

However, in *Alabama Assn of Realtors v. Department of Health and Human Servs, et.al.,* 594 U.S. __ (2021), the U.S. Supreme Court "vacat[ed] the [CDC's nationwide eviction] moratorium as unlawful." *See id.* Thus, there was no protections afforded to Mr. Colvin by the CDC's moratorium. Therefore, Tako LLC has not violated any federal law, either the bankruptcy stay nor the CDC eviction moratorium. There is no question of federal law at issue in this matter.

Moreover, because Tako LLC is a Nevada Limited Liability Company, and upon information and belief, Mr. Colvin not only has resided in the State of Nevada since April of 2018, but also intends to make the State of Nevada his home for the foreseeable future, thus, Mr. Colvin is a Nevada domiciliary, and there is no diversity of citizenship between the Parties.  The amount of outstanding rent due to Tako LLC from Mr. Colvin for the continuing possession of the subject Property is $73,920.00, which does not exceed $75,000.00. Therefore, there is also no basis for diversity jurisdiction pursuant to 28 U.S.C. §1441.

Because there is no diversity or federal question jurisdiction, this Court should GRANT Tako LLC's motion to remand this lawsuit back to Las Vegas Justice Court, and provide instructions for the following reasons: (1) The Las Vegas Justice Court erroneously stayed the eviction lawsuit because Mr. Colvin used a federal district Civil Cover Sheet and checked the box for "federal question" under jurisdiction and added a page with cases discussing removal with his Answer to Unlawful Detainer; (2) pursuant to 28 U.S.C. §1441(b), there is no diversity of citizenship, as Tako LLC is a Nevada Limited Liability Company that conducts business solely in

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

the State of Nevada, and Mr. Colvin is a Nevada resident who has lived in the Property at issue since April 1, 2018, and upon information and belief, intends to live in the State of Nevada for the foreseeable future, and the amount in controversy is less than $75,000.00, thus, there is no diversity jurisdiction; (3) Prior to service by Tako LLC, the bankruptcy stay was lifted when Mr. Colvin's bankruptcy lawsuit was dismissed on or about July 7, 2021; and, (4) The CDC's nationwide eviction moratorium was struck down in *Alabama Assn of Realtors v. Department of Health and Human Servs, et.al.,* 594 U.S. __ (2021) on or about August 21, 2021. Due to the foregoing, this Court should provide the Parties with instructions as to whether the instant action is a removed action or a new case.

For the foregoing reasons, this Court should remand this case back to the Las Vegas Justice Court or provide the Parties with instructions as to the basis for federal jurisdiction if this lawsuit is to continue in this Court, or alternatively, dismiss this case.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.     Tako LLC owns the real property located at 6681 Tara Avenue, Las Vegas, Nevada 89146.

2.     On or about March 15, 2018, Tako LLC entered into a Residential Lease Agreement ("Lease") with Mr. Colvin and his spouse Monique Colvin (hereinafter the "Colvins") for a two (2) year period beginning on April 1, 2018 and ending on March 31, 2020. *See* **Exhibit A**. Pursuant to the Lease, the Colvins agreed to pay Tako LLC monthly rent in the amount of Two Thousand Six Hundred Forty Dollars ($2,640.00). *Id.*

3.     On or about June 1, 2019, ten (10) months before the end of the Lease period, the Colvins breach the Lease, and stopped paying monthly rent of $2,640.00 to Tako LLC. To date, Tako LLC is owed twenty-eight (28) months of rent from June 1, 2019 to September 1, 2021. Thus, to date, the Colvins owe to Tako LLC a total of $73,920.00 ($2,640.00 per month x 28

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

months = $73,920.00).

4.      On or about March 16, 2020, the State of Nevada had an emergency shutdown due to COVID-19.

5.      The Colvins last paid rent in May of 2019, ten (10) months prior to the expiration of the Lease, as it terminated on March 31, 2020. On or about June 1, 2019, the Colvins breached the Lease and failed to pay Tako LLC the monthly rent of $2,640.00, thus, Tako LLC did not renew the Lease when it expired on or after March 31, 2020.

6.      Since June 1, 2019, nine (9) months prior to the COVID-19 shutdown in Nevada, the Colvins have failed to make any rental payments to Tako LLC, while it has had the financial burden of paying to maintain the Property, including its Property Manager, real property taxes, insurance, and other expenses.

7.      After March 31, 2020, the Colvins became holdover tenants, and at best, had a month-to month periodic tenancy. The Colvins have never had any ownership interest in the Property at issue but have solely been tenants of the Property.

8.      On or about April 21, 2021, the Colvins filed Chapter 7 Voluntary Petition (hereinafter "Petition") in the U.S. Bankruptcy Court, Case No. 21-12012-abl. After filing their Petition, the Colvins failed to meaningfully participate in their bankruptcy case.

9.      On or about June 6, 2021, in an effort to reacquire possession of the subject Property, Tako LLC served the Thirty-Day "No Cause" Notice to Quit on the Colvins requesting that they vacate the subject Property. *See* "Jurisdiction"-entitled document, Doc. 1, Exh. 3, filed 07/21/21.

10.     On or about June 11, 2021, Tako LLC attempted to settle the matter through counsel and forwarded a letter via certified mail. However, counsel received no response in its attempt to settle this matter with the Colvins. It appears that the bankruptcy was simply an attempt by the

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

Colvins to forcefully acquire more time in the Property. This removal is yet another delay strategy by the Colvins. Letter from Austin Kalmes, Esq. to Parnell Colvin and Monica Colvin, dated June 11, 2021, attached hereto as **Exhibit D.**

11.    On or about July 7, 2021, there was a Notice of Entry of Order; and Notice of Dismissal; Notice that All Pending Hearings Are Vacated in the bankruptcy case.  *See* **Exhibit C.**

12.    After the dismissal of the bankruptcy case, Tako LLC served a Five-Day Notice of Unlawful Detainer on the Colvins on or about July 15, 2021.

13.    On or about July 19, 2021, Mr. Colvin filed an Application to Proceed in Forma Pauperis ("Application") in the Las Vegas Justice Court, Case No. 21E014316. *See* **Exhibit B.** In his Application, Mr. Colvin stated that he does not receive public assistance. *See id.* at 1:paragraph 1. Moreover, Mr. Colvin stated his income as "$1300" on the Application, and his expenses as "$3900," which includes the "$2600" that he stated was his monthly rental obligation. Thus, because Mr. Colvin is not obtaining any public assistance, he has NO ability to make any payments towards monthly rent, as his expenses exceed his income by $2,600 ($3,900/expenses - $1,300/income =$2,6000/rent).  However, Mr. Colvin failed to include the $40.00 that Tako LLC pays towards his utilities, which are included in the $2,640.00 as his monthly rental obligation for the subject Property.

14.    On or about July 21, 2021, when Mr. Colvin filed his Answer to Complaint for Unlawful Detainer ("Answer"), he used a "Civil Cover Sheet" for a federal district court filing, and checked the box for "Federal Question" in response to the question for "Basis of Jurisdiction"; he also added a page to the Civil Cover Sheet, entitled "Removal jurisdiction -Wikipedia" with references to cases that have been previously removed to federal court from state court, and an external link to 28 U. S. C. §1441 -Actions removable generally." *See* Answer to Complaint for Unlawful Detainer, filed July 21, 2021, attached hereto as **Exhibit E.**

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

15.     On or about July 21, 2021, this lawsuit was removed to this Court. Mr. Colvin alleges that Tako LLC violated the stay in bankruptcy Mr. Colvin further alleges this Court's basis for subject matter jurisdiction is a federal question, specifically the Center for Disease Control and Prevention's (hereinafter "CDC") moratorium. However, there is no jurisdictional basis due to federal question.

16.     On or about July 27, 2021, Tako LLC filed the Landlord's Affidavit/Complaint for Summary Eviction in the Las Vegas Justice Court, Case No. 21E014316.

17.     On or about August 21, 2021, the U.S. Supreme Court held that the CDC "exceeded its authority [when it] imposed a nationwide moratorium on evictions in reliance on a decades-old statute that authorizes it to implement measures like fumigation and pest extermination. . . [T]he CDC lacked authority to impose the moratorium." *Alabama Assn of Realtors v. Department of Health and Human Servs, et.al.*,  594 U.S. __ (2021). Thus, this Court does not have subject matter jurisdiction, and therefore, this Court should dismiss this case, or remand it back to Las Vegas Justice Court.

18.     On or about August 26, 2021, the Las Vegas Justice Court erroneously construed Mr. Colvin's additional filings as "Defendant's efforts to 'remove' the instant case to the United States District Court," which deprived the Justice Court of jurisdiction. *See* **Exhibit G.**

19.     Upon information and belief, beginning on or about September 9, 2021, and continuing until September 15, 2021, three (3) communications were made to Mr. Colvin to amicably resolve this matter and avoid the present Motion.  However, to date, there has been no response from Mr. Colvin. This Motion now follows.

## III.     LEGAL ANALYSIS

### A.     Because This Lawsuit Has No Basis for Federal Jurisdiction, This Court Should Remand It Back to Las Vegas Justice Court.

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

1  Generally, pursuant to 28 U.S.C. § 1441, a lawsuit may be removed from state court to
2  federal court, in which the federal court has original jurisdiction, an issue of federal law or
3  stemming from the U.S. Constitution. *See* 28 U.S.C. § 1441(a).  Additionally, pursuant to
4  28 U.S.C. § 1441, removal of a lawsuit from state court to federal court may be based on complete
5  diversity of citizenship between the Parties, as long as the controversy in question exceeds
6  $75,000.00. *See* 28 U.S.C. § 1441(b). Here, there is no diversity of citizenship, as both Tako LLC,
7  a Nevada LLC, and Mr. Colvin are citizens of Nevada, as discussed above.
8  
9  Mr. Colvin did not file a formal Notice of Removal to remove the eviction lawsuit to the
10  U.S. District Court. Because Mr. Colvin is a pro se litigant and not familiar with correct
11  procedures, the Las Vegas Justice Court *sua sponte* merely construed Mr. Colvin's use of a federal
12  district court's "Civil Cover Sheet" and the additional papers discussing cases for removal, as his
13  intent to remove the eviction lawsuit to federal court, and "Notice." However, Mr. Colvin has not
14  served nor provided any "notice" to Tako LLC of its removal to federal court, as required by 28
15  U.S.C. § 1446(d). Tako LLC was notified of the removal to federal court when it thereafter
16  received electronic service of the Las Vegas Justice Court's Order Vacating Hearing on August
17  26, 2021, vacating the September 7, 2021 hearing and staying the eviction proceedings. *See*
18  **Exhibit G**.
19  
20  Further, when Tako LLC served a Five-Day Notice of Unlawful Detainer on Mr. Colvin
21  on or about July 15, 2021, the notice of entry dismissing Mr. Colvin's bankruptcy lawsuit had
22  already been filed eight (8) days earlier, on July 7, 2021. *See* **Exhibit C.**
23  
24  Because Mr. Colvin's bankruptcy matter has been dismissed, and the CDC moratorium
25  was struck down by the U.S. Supreme Court, there is no basis to Mr. Colvin's claims that there is
26  a federal question at issue in this present action.  Thus, there is no federal question upon which to
27  base this Court with original jurisdiction.  Moreover, because there is no diversity of citizenship

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

between the Parties, there is no diversity jurisdiction.  Therefore, Tako LLC respectfully requests that this Court remand this lawsuit back to the Las Vegas Justice Court to continue its proceedings.

### B.   Alternatively, This Court Should Dismiss This Lawsuit Pursuant to F.R.C.P. Rule 12(b)(6).

Pursuant to F.R.C.P. Rule 12(b)(6), "failure to state a claim upon which relief can be granted," is a basis to dismiss a Complaint where the moving party can demonstrate beyond doubt that the non-moving party cannot provide a set of facts in support of his claim which would entitle them to relief, such that this Motion to Dismiss should be granted. *Puckett v. Park Place Entertainment Corp.*, 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004). In making a determination, the allegations made in the Complaint are generally taken as true and viewed in the light most favorable to the non-moving party. *Id*. While the Court should typically take the allegations as alleged in the Complaint as true, "[c]ourts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* (*quoting*, *Western Mining Counsel v. Watt*, 643 F.2d 618,624 (9th Cir. 1981)).  It has specifically been held that "conclusory allegations of law and unwanted inferences are insufficient to defend a Motion to Dismiss for failure to state a claim." *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting, *In re VeriFone Securities Litigation*, 11 F.3d 865,868 (9th Cir. 1993)).

Furthermore, the Supreme Court clarified the pleadings obligation of F.R.C.P. 8(a)(2) in *Bell Atlantic Corp. v. Twombly* by holding that:

> A Petitioner's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do .... Factual allegations must be enough to raise the right to relief above the speculative level.

*127 S. Ct. 1955, 1964 (2007); see also: Oaktree Capital Mgmt., L.P. v. KPMG,* 963 F.Supp.2d 1064, 1073 (D. Nev. 2013); *Welder v. Univ. of Southern Nevada,* 833 F.Supp.2d 1240, 1243 (D.Nev. 2011).

"Determining whether a complaint states a plausible claim for relief ... [is] a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted).

Although "a complaint need not contain detailed factual allegations," *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974), the court will not assume that the plaintiff can prove facts different from those alleged in the complaint. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897,74 L.Ed.2d 723 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court may dismiss as a frivolous complaint, a complaint which recites bare legal conclusions with no suggestion of supporting facts, or postulating events, and the complaint merely states circumstances of a wholly fanciful kind. *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C.Cir.1981) (per curiam).

Here, the Court should dismiss Mr. Colvin's case because there is no federal question: (1) Tako, LLC did not violate the bankruptcy stay which terminated upon dismissal on July 7, 2021, prior to service of the Five Day Notice of Unlawful Detainer on July 15, 2021 (*See* **Exhibit E**)**;** and, (2) Tako LLC did not violate the CDC eviction moratorium.

On or about March 15, 2018, Tako LLC entered into a Residential Lease Agreement ("Lease") with the Colvins for a two (2) year period from April 1, 2018 and ending March 31,

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

2020. Pursuant to the Lease, the Colvins were to pay Tako LLC monthly rent in the amount of Two Thousand Six Hundred Forty Dollars ($2,640.00). The Colvins breached the Lease when they stopped paying rent on or about June 1, 2019.

On or after March 31, 2020, the Lease terminated, and the Colvins did not renew their Lease with Tako LLC. Thereafter, the Colvins had periodic tenancy, a month-to-month tenancy. The Colvins never had any ownership interest in the Property at issue; but have been solely tenants of the Property.

On or about April 21, 2021, Mr. Colvin filed Chapter 7 Voluntary Petition (hereinafter "Petition") in the U.S. Bankruptcy Court, Case No. 21-12012-abl. However, after filing their Petition, Mr. Colvin failed to meaningful participate in their bankruptcy case. On or about July 7, 2021, there was a Notice of Dismissal; Notice that All Pending Hearings Are Vacated in the bankruptcy case. *See* **Exhibit C.** Therefore, following the dismissal of the bankruptcy case, there was no further stay afforded to Mr. Colvin.

On or about July 15, 2021, after the dismissal of the bankruptcy case, Tako LLC served a Five-Day Notice of Unlawful Detainer upon Mr. Colvin. Mr. Colvin filed his Answer to Unlawful Detainer on July 19, 2021, attached hereto as **Exhibit F.**. Mr. Colvin removed this eviction lawsuit claiming federal jurisdiction on July 21, 2021. However, Mr. Colvin merely makes legal conclusions without any suggestions of supporting facts.  In his Removal document filed on July 21, 2021, Mr. Colvin states:

> "defendants violated federal law plaintiff was also protected by the automatic stay lifted by the bankruptcy court before serving plaintiff which is clearly a violation of ferderal (*sic.*)...Plaintiff is still protected by the CDC ban."

On August 26, 2021, in *Alabama Assn. of Realtors v. Department of Health and Human Servs.*, 594 U.S. ___ (2021), the U.S. Supreme Court held "the CDC lacked statutory authority to

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

impose the moratorium when it relied on section 361(a) of the Public Health Services Act for authority to promulgate and extend the eviction moratorium. *See* 58 Stat.703, as amended 42 U.S.C section 264(a).

> **...**the CDC has imposed a nationwide moratorium on evictions in reliance on a decades-old statute that authorizes it to implement measures such as fumigation and pest extermination. It strains credulity to believe that this statute grants the CDC the sweeping authority it asserts.

> …the moratorium intrudes into an area that is the particular domain of state law:  the landlord-tenant relationship

> …The moratorium has put…millions of landlords across the country, at risk of irreparable harm by depriving them of rent payments with no guarantee of eventual recovery…And preventing them from evicting tenants who breach their leases intrudes on one of the most fundamental elements of property ownership-the right to exclude.

*See* Alabama Assn. of Realtors v. Department of Health and Human Servs., 594 U.S. ___ (2021) (Emphasis added) (hereinafter "Alabama Assn.")

Mr. Colvin never had an ownership interest in the subject Property. Since June of 2019, for more than two (2) years, Mr. Colvin has not paid any rent to Tako LLC.  Additionally, from Mr. Colvin's Application filed on July 19, 2021, he stated that he does not receive public assistance. *See* **Exhibit B**, 1:paragraph 1.

In his Application, Mr. Colvin stated his income as "$1300," and his expenses as "$3900," which includes the "$2600." Thus, because Mr. Colvin is not obtaining any public assistance, he has NO ability to make any payments toward rent, as his expenses exceed his income by $2,600 ($3,900/expenses - $1,300/income =$2,6000/rent), the amount of monthly rent for the subject premises. Tako LLC should not shoulder the financial burden of housing Mr. Colvin, especially since Mr. Colvin is unwilling to obtain public assistance and has no income to be able to afford any rental payment toward the $70,200.00 owed to Tako LLC.  It is clear from his own admission on his Application that he cannot afford any rent payments.

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

Mr. Colvin fails to state a claim upon which relief may be granted. The CDC eviction moratorium upon which Mr. Colvin basis his federal question jurisdiction has been struck down by the U.S. Supreme Court in *Alabama Assn.*, due to the CDC exceeding their authority for a nationwide moratorium when Congress decided not to extend the moratorium, and thus cannot survive a motion to dismiss under FRCP 12(b)(6).

## C.      CONCLUSION

Based on the foregoing, this Court should remand this matter back to Las Vegas Justice Court, as there is no basis for federal jurisdiction, and to provide Tako LLC the opportunity to continue its summary eviction procedure and regain possession of the subject Property. Alternatively, this Court should dismiss this lawsuit. If this Court will remand nor dismiss this lawsuit, this Court should provide the parties with instructions as to whether the filings by Mr. Colvin constitute a new action or whether it is a removal of the Las Vegas Justice Court action.

DATED this 23rd day of September, 2021.

Respectfully submitted:

LAW OFFICES OF P. STERLING KERR

By: */s/ Suzanne E. Carver*
TAYLOR L. SIMPSON, ESQ.
Nevada Bar No. 13956
SUZANNE E. CARVER, ESQ.
Nevada Bar No. 14689
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
*Attorneys for Defendant Tako LLC*

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077