# EXHIBIT A



# RESIDENTIAL LEASE AGREEMENT

for



6681  Tara Ave                          Las Vegas          NV    89146

(Property Address)

1. **This AGREEMENT** is entered into this **15th** day of _____ **March** _____, 20 **18** between OWNER'S Name: _____ **TAKO LLC** _____, OWNER'S Name: _____ (collectively hereinafter, "OWNER" and/or "LANDLORD") legal owner(s) of the property and TENANT's Name: _____ **Parnell Colvin** _____ TENANT's Name: *wife: 503-3815158* TENANT's Name: _____ **503-490-6564** _____ TENANT's Name: *Monique* (collectively, "TENANT"), which parties hereby agree to as follows:

2. **PREMISES:** LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD, subject to the terms and conditions of the lease, the Premises known and designated as **6681  Tara Ave** _____ **Las Vegas          NV    89146** ("the Premises"). Premises Mail Box #_____ Parking Space #_____, Storage Unit #_____, Other _____.

3. **TERM:** The term hereof shall commence on **04/01/18** and continue until **03/31/20**, with a total rent of $ **63,360.00**, then on a month-to-month basis thereafter, until either party shall terminate the same by giving the other party thirty (30) days written notice delivered by US mail or electronic mail. (All calculation based on 30 day month), as governed by paragraph 23 herein

4. **RENT:** TENANT agrees to pay, without demand, to LANDLORD as rent for the Premises the total sum of **2,640.00** **per month** on the first day of each calendar month, at **6292 Spring Mountain Rd Las Vegas 89146** or at such other place as LANDLORD may designate in writing.

5. **SUMMARY:** The initial rents, charges and deposits are as follows:

| | Total | Received | Balance Due |
|---|---|---|---|
| Rent: From  03/16/18  To  03/31/18 | $ 1387 | $ 1387 | $ |
| Security Deposit | $ 2600 | $ 2600 | $ |
| Key Deposit | $ 50 | $ 50 | $ |
| Admin/Credit App Fee (non-refundable) | $ | $ | $ |
| Pet Deposit | $ | $ | $ |
| Cleaning Deposit | $ 300 | $ 300 | $ |
| Cleaning Fee (non-refundable) | $ | $ | $ |
| Additional Security | $ | $ | $ |
| Utility Proration | $ | $ | $ |
| Sewer/Trash Proration | $ 40 | $ 40 | $ |
| Pre-Paid Rent | $ | $ | $ |
| Pro-Rated Rent for _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| **TOTAL** | $ 4377.00 | $ 4377.00 | $ |

6. **ADDITIONAL MONIES DUE:**
   Tenant need to pay rent on April 1, 2018 for $2640(2600+40), Tenant agrees to take care the pool, front yard and backyard by tenant self.

Property  6681  Tara Ave                                   Las Vegas          NV    89146
Owner's Name _____ TAKO LLC _____          Owner's Name _____
Tenant _____ Parnell Colvin _____ Initials *PC*   Tenant _____ Initials _____
Tenant _____ 503-490-6564 _____ Initials _____   Tenant _____ Initials _____

Residential Lease Agreement Rev. 10.16        © 2016 Greater Las Vegas Association of REALTORS®        Page 1 of 13

This form presented by Xing R Mao | AHP Realty LLC | 7022481818 |

**10. TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees.

**11. EVICTION COSTS:** TENANT shall be charged an administrative fee of $ ___375___ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

**12. CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following:
___1___ Door key(s)       ___1___ Garage Transmitter/Fob(s)    _____ Pool Key(s)
___1___ Mailbox key(s)    _____ Gate Card/Fob(s)              _____ Other(s) _____
_____ Laundry Room key(s))  _____ Gate Transmitter/Fob(s)   _____ Other(s) _____
TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

**13. CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD. The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space. TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

**14. OCCUPANTS:** Occupants of the Premises shall be limited to _____6_____ persons and shall be used solely for housing accommodations and for no other purpose. TENANT represents that the following person(s) will live in the Premises:
Parnell Colvin, Monique, Malaysia, Elilah, Parnell JR, Annastashia

**15. GUESTS:** The TENANT agrees to pay the sum of $ ___10.00___ per day for each guest remaining on the Premises more than ___10___ days. Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than ___30___ days.

**16. UTILITIES:** TENANT shall immediately connect all utilities and services of premises upon commencement of lease. TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner:
Electricity __T__    Trash __T__     Trash Can Rental: __T__     Phone __T__
Gas __T__           Sewer _____    Cable __T__                 Other _____
Water __T__         Septic __T__    Association Fees __N/A__     Other _____

    a. TENANT is responsible to connect the following utilities in TENANT'S name:_____
    ALL

---

Property ___6681  Tara Ave___                          Las Vegas            NV    89146
Owner's Name _____TAKO LLC_____    Owner's Name _____
Tenant _____Parnell Colvin_____ Initials _PC_    Tenant _____ Initials _____
Tenant _____503-490-6564_____ Initials _____   Tenant _____ Initials _____

Residential Lease Agreement Rev. 10.16        © 2016 Greater Las Vegas Association of REALTORS®        Page 3 of 13

19.  **RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats, campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as follows:
**N/A**

**TENANT shall not conduct nor permit any work on vehicles on the premises without the express written consent of the Owner.**

20.  **ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent. Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture permanently affixed to the Premises. Unless otherwise agreed in writing between TENANT and LANDLORD, TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or improvements if requested by LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

21.  **DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default, LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT, including any and all fees related to eviction and reletting of the subject property. LANDLORD may pursue any and all legal and equitable remedies available.

   a.  FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply any such security deposit at any time in lieu of payment of rent. If TENANT fails to comply, such security deposit shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied or deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a TENANT leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore, any deposit shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be forfeited by the TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of default, by TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days' notice from LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any other remedy available by law, equity or otherwise.
   b.  TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection Agency. TENANT understands and acknowledges that LANDLORD/Owner may give an Attorney or a Collection Agency, TENANT's personal information, including but not limited to, TENANT's social security number or any other information to aid in collection efforts and holds LANDLORD, Broker, and Owner harmless from any liability in relation to the release of any personal information to these entities.

22.  **ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a waiver of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be construed to waive any right of LANDLORD or affect any notice of termination or eviction.

| Property | 6681 Tara Ave | | Las Vegas | NV | 89146 |
|---|---|---|---|---|---|
| Owner's Name | TAKO LLC | | Owner's Name | | |
| Tenant | Parnell Colvin | Initials | Tenant | | Initials |
| Tenant | 503-490-6564 | Initials | Tenant | | Initials |

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianuta@hotmail.com

Instanet

b.  TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c.  LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

d.  There _____ is –OR– __x__ is not a landscape contractor whose name and phone number are as follows:

_____

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner.  LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and/or shrubs, trees and sprinkler system in good condition.

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees.  TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees.  If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost.  Said costs shall immediately become additional rent.

e.  There _____ is –OR– __x__ is not a pool contractor whose name and phone number are as follows:

_____

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner.  LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a Contractor, TENANT agrees to maintain the pool, if any. TENANT agrees to maintain the water level, sweep, clean and keep in good condition.  If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost.  Said costs shall become additional rent.

f.  Smoking _____will or __x__will not be permitted in or about the Premises.  TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises.

**27. ACCESS:** TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD. If TENANT fails to keep scheduled appointments with vendors to make necessary/required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent.  TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

Property __6681  Tara Ave__     __Las Vegas__   NV   89146

| | | | |
|---|---|---|---|
| Owner's Name __TAKO LLC__ | | Owner's Name _____ | |
| Tenant __Parnell Colvin__ | Initials _PC_ | Tenant _____ | Initials _____ |
| Tenant __503-490-6564__ | Initials | Tenant _____ | Initials _____ |

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

**30. INSURANCE:** TENANT ___**x**___ is –OR– _____ **is not** required to purchase renter's insurance. LANDLORD BROKERAGE, and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by fire or other casualty not due to TENANTs negligence or willful act, or that of TENANT's family, agent, or visitor, there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises is uninhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent shall be prorated up to the time of the damage.

TENANT hereby acknowledges that the OWNER of the subject property does ___**x**___ or does not ___ have homeowner's insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact OWNER's insurance coverage under said policy.

**31. ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county/city government or the local health or building departments. In addition continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

**32. ADDITIONAL RESPONSIBILITIES:**

a. TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD. LANDLORD is not responsible for maintaining screens.

b. With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and/or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

c. The Premises _____ will –OR– ___**x**___ will not be freshly painted before occupancy. If not freshly painted, the Premises _____ will –OR– ___**x**___ will not be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d. TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER/DESIGNATED PROPERTY MANAGER no less than ___**2**___ business days of vacating the Premises.

e. Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

| | | | | | | |
|---|---|---|---|---|---|---|
| Property | 6681  Tara Ave | | | Las Vegas | NV | 89146 |
| Owner's Name | TAKO LLC | | Owner's Name | | | |
| Tenant | Parnell Colvin | Initials _PC_ | Tenant | | Initials _____ | |
| Tenant | 503-490-6564 | Initials _____ | Tenant | | Initials _____ | |

Residential Lease Agreement Rev. 10.16          © 2016 Greater Las Vegas Association of REALTORS®                          Page 9 of 13

**38. PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

**39. VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

**40. SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

**41. LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, _____ is a licensed real estate agent in the State(s) of _____, and has the following interest, direct or indirect, in this transaction: ☐ Principal (LANDLORD or TENANT) –OR– ☐ family relationship or business interest: _____.

**42. CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

TENANT's Brokerage: _____  Broker's Name: _____
DESIGNATED PROPERTY MANAGER _____
Agent's Name: _____Xing R Mao_____  Agent's License # _____
Address: _6292 Spring Mountain Rd # 105_____ _Las Vegas____ _NV__ _89146_
Phone: ___702-248-1818___  Fax: ___702-253-7184___  Email: __vivianutg@hotmail.com__

LANDLORD's Brokerage: _____  Broker's Name: _____
DESIGNATED PROPERTY MANAGER _____
Agent's Name: _____  Agent's License # _____
Address: _____
Phone: _____  Fax: _____  Email: _____

**43. NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:

BROKERAGE: _____  BROKER _____
DESIGNATED PROPERTY MANAGER _____
Address: _____
Phone: _____  Fax: _____  Email: _____

TENANT: _Parnell Colvin_____ _503-490-6564_____
Address: _____
Phone: _____  Fax: _____  Email: _____

Property _6681 Tara Ave_____ _Las Vegas___ _NV__ _89146_
Owner's Name _____TAKO LLC_____  Owner's Name _____
Tenant ____Parnell Colvin_____ Initials _AC_  Tenant _____ Initials _____
Tenant ____503-490-6564_____ Initials _____  Tenant _____ Initials _____

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

1 _____
2 _____
3 _____
4 _____
5 _____
6 _____
7 _____
8 _____
9 _____
10 _____
11 _____

12 **Landlord agrees to rent the Premises on the above terms and conditions.**

13
14
15 *Xing R Mao*                    03/15/2018          _____
16 LANDLORD/OWNER              DATE            LANDLORD/OWNER              DATE
17 OR Authorized Signatory                    OR Authorized Signatory
18 TAKO LLC
19 PRINT NAME                                 PRINT NAME
20
21
22 **Tenant agrees to rent the Premises on the above terms and conditions.**
23
24
25 _____  03/15/2018       _____
26 TENANT'S SIGNATURE          DATE            TENANT'S SIGNATURE          DATE
27                Parnell Colvin                                503-490-6564
28 PRINT NAME                                 PRINT NAME
29
30
31 _____              _____
32 TENANT'S SIGNATURE          DATE            TENANT'S SIGNATURE          DATE
33
34 PRINT NAME                                 PRINT NAME
35
36
37 **Real Estate Brokers and Designated Property Managers:**
38   A. Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as
39      a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and
         Tenant.
40   B. Agency relationships are confirmed in paragraph 42.
41
42

Property  6681 Tara Ave
Owner's Name          TAKO LLC                    Las Vegas          NV    89146
Tenant      Parnell Colvin          Initials  *PC*      Owner's Name
Tenant      503-490-6564            Initials            Tenant                        Initials
                                                        Tenant                        Initials

Residential Lease Agreement Rev. 10.16      © 2016 Greater Las Vegas Association of REALTORS®                    Page 13 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

EXHIBIT B

Las Vegas Justice Court
Electronically Filed
7/19/2021 1:52 PM
Melissa Saragosa
CLERK OF THE COURT

**AAFW**
Name: Parnell Colvin
Address: 6681 Tara Ave
City, State, Zip: Las Vegas, Nv 89146
Phone: (503) 490-6564
Email: PC681@YAHOO.COM

## JUSTICE COURT, LAS VEGAS TOWNSHIP
## CLARK COUNTY, NEVADA

| | |
|---|---|
| TAKO LLC | CASE NO.: 21E014316 |
| Plaintiff, | |
| vs. | DEPT: Department #: LVJC Civil Evictions |
| Parnell Colvin | |
| Defendant. | |

### Application to Proceed in Forma Pauperis

I am unable to pay the costs of prosecuting or defending this action. I request permission to proceed without paying costs or fees pursuant to NRS 12.015 based on the following:

1. **Public Assistance** includes Medicaid, Nevada Check Up, SNAP (food stamp assistance), TANF, Low-income energy assistance, Child Care & Development Fund assistance. Please indicate whether or not you receive one or more of the above listed benefits.
   ☐ Yes I receive one or more of the above listed benefits.
   ■ No I do not receive any of the above listed benefits

2. **Household Members:** In my household there are 2_____ adults (over 18) and 4_____ children (under 18) for a total of 6_____ people.

3. **Income** includes employment (include tips/overtime), unemployment, retirement, pension, social security, child support. Please list all income for household member: (*all numbers should be after taxes are taken out*):

For each adult in the home, list net monthly income (*after taxes*):

| | |
|---|---|
| My total income | $ 1300 |
| Household Adult #1 total income | $0 |
| Household Adult #2 total income | $0 |
| Household Adult #3 total income | $0 |
| Household Adult #4 total income | $0 |
| Household Adult #5 total income | $0 |
| **HOUSEHOLD TOTAL** | $0 |

4. **My basic monthly expense include:** *Fill out the chart below.*

| | |
|---|---|
| Rent / Mortgage | $2600 |
| Utilities (electric, gas, water, phone, other utilities) | $500 |
| Food | $500 |
| Child care | $0 |
| Medical expenses (health insurance, co-pays, out of pocket expenses) | $0 |
| Transportation (bus fare, car, gas, insurance) | $300 |
| Other: | $ |
| **TOTAL** | $3900 |

5. **Other Compelling Reason.** Explain why you cannot pay the filing fee.

_____

_____

_____

_____

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

DATED (*month*) ___JULY___ (*day*) _19_, 20 2_

Submitted By: (*Signature*) ▶ _____

Printed Name: ___Parnell COLVIN___

---

**FOR COURT USE ONLY**

Upon consideration of the movant's Application to Proceed in Forma Pauperis, and good cause appearing therefore,

[X] The Application to Proceed in Forma Pauperis is **GRANTED**. The applicant shall be permitted to proceed with fees and costs waived in this action as permitted by NRS 12.015.

[ ] The Application to Proceed in Forma Pauperis is **DENIED** for the following reasons:
    [ ] The applicant is not indigent within the meaning of NRS 12.015
    [ ] The application was incomplete or not legible.

Deputy Clerk: J. Aquirre

___7/19/2021___

Date

_____
Justice of the Peace/Clerk of Court

# EXHIBIT C

NVB 1017–1 (Rev. 8/15)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE:

PARNELL SR COLVIN

                          Debtor(s)

BK–21–12012–abl
CHAPTER 7

NOTICE OF DISMISSAL;
NOTICE THAT ALL PENDING HEARINGS
ARE VACATED

_____

On 7/7/21, the Bankruptcy Court for the District of Nevada entered an order dismissing this bankruptcy case. As a result, all pending hearings in the case, except any pending hearings regarding Appeals and Motions to Reconsider, are hereby vacated and will be taken off calendar without further notice. This notice does not affect the status of any adversary proceedings or any motions or matters that are pending in such adversary proceedings.

Dated: 7/7/21

*Mary A Schott*

Mary A. Schott
Clerk of Court

BRIAN D. SHAPIRO
Trustee in Bankruptcy
510 South 8th Street
Las Vegas, NV 89101
(702) 386-8600
(702) 383-0994 fax
trustee@trusteeshapirolaw.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

In re:

PARNELL SR COLVIN

　　　　　Debtors.

BK-S-21-12012-abl

Chapter 7

NOTICE OF ENTRY OF ORDER

**PLEASE TAKE NOTICE** that on the __7th__ day of __July, 2021__ an Order Granting Motion to Dismiss Chapter 7 Case was entered in the above referenced matter, a copy of which is attached hereto

DATED:7-8-21

_/s/ Brian D. Shapiro_
Brian D. Shapiro, Esq.
Trustee

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that service of the Notice of Entry of Order was made this  8th  day of  July, 2021   by depositing a true and correct copy of the aforementioned in a mailbox of the United States Post Office, postage fully prepaid thereon, addressed as follows:

Parnell Sr Colvin
6681 Tara Ave
Las Vegas  NV 89146

**I HEREBY CERTIFY** that on the  8th   day of   July, 2021   , pursuant to FRBP 5(b), I served via CM/ECF a true and correct copy of the Notice of Entry of Order, to all Parties identified in the Court-generated Notice of Electronic Filing.

DATED: 7-8-21

_____
An Employee of the
Law Office of Brian D. Shapiro, LLC

2

# EXHIBIT D

# Law Offices of P. Sterling Kerr

2450 St. Rose Parkway, Suite 120
Henderson, NV 89074
Phone: (702) 451-2055
Fax: (702) 451-2077

P. Sterling Kerr, Esq., Partner
Taylor Simpson, Esq., Partner
George E. Robinson, Esq.*
Peter R. Pratt, Esq. ˙
Austin J. Kalmes, Esq.

* Licensed in Nevada and California
˙ Licensed in Nevada and Utah

June 11, 2021

**Via Certified Mail and Regular U.S. Mail**

Parnell Colvin
6681 Tara Ave
Las Vegas, NV 89146

Monique Colvin
6681 Tara Ave
Las Vegas NV 89146

Re: Bankruptcy Case 21-12012-abl

Mr. and Mrs. Colvin,

Please be advised that the Law Offices of P. Sterling Kerr have been retained by Tako, LLC for the purposes of discussing the disposition of certain real property commonly known as 6681 Tara Ave., Las Vegas NV 89146 (hereinafter "Subject Property"). If you are represented by counsel (of which this office is currently unaware) please direct this communication to your attorney.

Specifically, this letter is an attempt to satisfy Local Rule 4001(a)(2) which states in pertinent part:

> (2) Parties in interest are directed to communicate in good faith regarding resolution of the motion before filing a motion for relief from stay including, as appropriate, communication with any trustee appointed in the case. Such attempts to resolve the dispute must be made in a reasonable time frame prior to, but in any case no less than three (3) business days (if debtor is represented by an attorney) or five (5) business days (if debtor(s) are representing themselves), before the motion is filed.

Tako, LLC has an interest in the Subject Property and would like to resolve the dispute amicably and without the need for court intervention. This office would like to explore whether you are willing to stipulate to lift the automatic stay in your bankruptcy proceeding as it pertains to the Subject Property, or otherwise negotiate some sort of arrangement with regard to the Subject Property.

THIS IS NOT AN ATTEMPT TO COLLECT A DEBT, RATHER MERELY AN ATTEMPT TO OPEN A LINE OF COMMUNICATION FOR THE PURPOSES OF SATISFYING LOCAL RULE 4001(a)(2).

Please contact my office at your earliest convenience for the purposes of discussing this matter in greater detail. You may email me directly at austin@sterlingkerrlaw.com or call my office at (702) 451-2055. I look forward to hearing from you.

Best Regards,

LAW OFFICES OF P. STERLING KERR

AUSTIN J. KALMES, ESQ.

# EXHIBIT E

Las Vegas Justice Court
Electronically Filed
7/19/2021 1:52 PM
Melissa Saragosa
CLERK OF THE COURT

**JUSTICE COURT, TOWNSHIP OF LAS VEGAS**
**CLARK COUNTY, NEVADA**

*Plaintiff's*
*Name:*   **TAKO LLC**

Plaintiff,   Case No.:   21E014316
   Dept No.: Department #: LVJC Civil Evictions

vs.

*Defendant's*
*Name:*   **Parnell Colvin**
*Address:*   **6681 Tara Ave**
*City,State,Zip:*   **Las Vegas, Nv 89146**
*Phone:*   **(503) 490-6564**
*E-Mail:*   **PC681@YAHOO.COM**

Defendant.

## ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER

Defendant, appearing in proper person, answers the Complaint for Unlawful Detainer filed by

Plaintiff in this case as follows *(transfer each paragraph number from Plaintiff's complaint onto one of*

*the lines below to indicate whether you admit, deny, or do not have enough information to answer the*

*allegations in that paragraph):*

1.   I ADMIT the allegations contained in the following paragraphs of Plaintiff's Complaint for

Unlawful Detainer: _____.

2.   I DENY the allegations contained in the following paragraphs of Plaintiff's Complaint for

Unlawful Detainer: Yes I deny the allegations. _____.

3.   I DO NOT HAVE ENOUGH KNOWLEDGE OR INFORMATION to form a belief about

the truth of the allegations in the following paragraphs of Plaintiff's Complaint for Unlawful Detainer:

_____, and I deny them on that basis.

## AFFIRMATIVE DEFENSES

*(Check the box next to the type of eviction notice you received, if any, and the box next to each defense*

*that applies to your case:)*

☐   4.   I received a Three-Day Notice to Quit Following Sale and/or a Notice of Change of

Ownership and a complaint that claims the premises where I live have been sold.  I am the

*(check one box)* ☐ former owner, ☐ tenant of the former owner, ☐ other occupant

*(explain)* _____ of the premises.

I believe I have the following defenses:

☐   Plaintiff failed to comply with NRS 40.255 or other requirement of Chapter 40 of the

© 2014 Civil Law Self-Help Center
Clark County, Nevada

ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER
(REV. 2.1.82-01-14)

**For forms and information, visit www.civillawselfhelpcenter.org**

Nevada Revised Statutes.

☐ Plaintiff failed to comply with Chapter 107 of the Nevada Revised Statutes governing sales made after foreclosure or pursuant to power granted in a deed of trust.

☒ Other defense *(state your defense and the facts that support it)*: _____

_____

_____

☐ 5. I received a Five-Day Notice to Pay Rent or Quit and a complaint that claims I owe rent. I believe I have the following defenses:

☐ I paid my rent in full.

☒ I offered to pay my rent, but Plaintiff refused to accept it.

☐ Plaintiff accepted partial payment of my rent.

☐ *(To raise this defense, you must deposit your rent into the court's rent escrow account.)* I gave Plaintiff written notice describing Plaintiff's failure to maintain my rental unit in a habitable condition. Plaintiff did not fix, or make a reasonable effort to fix, the habitability problem within 14 days after my notice. So I am withholding payment of rent.

☐ *(To raise this defense your rent must have been current at the time you gave written notice to Plaintiff.)* I gave Plaintiff written notice of an "essential services" problem at my rental unit (heat, air conditioning, running or hot water, electricity, gas, a working door lock, or other essential item or service). Plaintiff did not fix, or make a reasonable effort to fix, the problem within 48 hours after my notice. So I am withholding payment of rent.

☐ I corrected a habitability problem at my rental unit and am deducting the cost from my rent after giving Plaintiff an itemized statement. I gave Plaintiff written notice of the habitability problem and stated my intention to repair. Plaintiff did not fix the problem within 14 days after my notice.

☒ Other defense *(state your defense and the facts that support it)*: Notices are in violation of federal law plaintiff never got permission to lift stay before serving the notices and I am still covered by CDC eviction moratorium.

© 2014 Civil Law Self-Help Center
Clark County, Nevada

ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER
(JUV 2.1.02-01-14)

For forms and information, visit www.civillawselfhelpcenter.org

6. I received a **Three-Day Notice to Quit** and a complaint that claims that I committed nuisance or waste, am improperly assigning/subletting or conducting an unlawful business, or that I violated controlled substance laws. I believe I have the following defenses:

☐ The acts described in the complaint do not meet the legal definition of "nuisance" under NRS 40.2514(4).

☐ Other defense *(state your defense and the facts that support it)*: _____

_____

_____

7. I received a **Five-Day Notice to Perform Lease Condition or Quit** and a complaint that claims I have violated my lease. I believe I have the following defenses:

☐ I fixed (or "cured") the alleged violation of my lease agreement within three days of Plaintiff's notice to me.

☒ Other defense *(state your defense and the facts that support it)*: Plaintiff has violated federal laws so under TITLE 28 USC SECTION 1414. I will be removing to federal court, Once I get case number I will file notice with this court.

8. I received a **Seven-Day or Thirty-Day "No Cause" Notice to Quit**. I believe I have the following defenses:

☐ My lease agreement has not expired and will not expire until *(insert date)* _____

_____

☐ My lease agreement has expired, but Plaintiff renewed my tenancy by accepting rent for a new rental period and/or entering into a new lease agreement.

☐ I received a thirty-day notice to quit and am 60 years of age or older or have a physical or mental disability, and I submitted a written request to Plaintiff (along with proof of my age or disability) on *(insert date)* _____, asking to continue in possession for an additional 30 days. Plaintiff *(check one)* ☐ approved my request on *(insert date)* _____, ☐ rejected my request, or ☐ has not responded to my request.

☐ Other defense *(state your defense and the facts that support it)*: _____

_____

_____

© 2014 Civil Law Self-Help Center
Clark County, Nevada

ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER

1    ☐  9.   This action is brought in violation of the Federal Fair Housing Act or Nevada laws

2         forbidding discrimination in housing.

3    ☐  10.  This action is brought in violation of NRS 118A.510, which prohibits a landlord from

4         terminating a tenancy in retaliation for a tenant having engaged in certain protected acts.

5    ☐  11.  Plaintiff's eviction notice to me did not comply with Nevada law or was not served on me

6         as required by NRS 40.280.

     ☐  12.  Other defense *(state your defense and the facts that support it)*: _____

7         _____

8         _____

9         THEREFORE, I request that Plaintiff take nothing requested in Plaintiff's complaint.

10        I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true

11   and correct.

12   07/19/2021                    Parnell Colvin
        *(Date)*                   *(Type or Print Name)*                          *(Signature)*

13

14                              **VERIFICATION**
                               (PER NRS 15.010)

15

16        Under penalties of perjury, I declare that I am the Defendant named in this Answer to Complaint

17   for Unlawful Detainer and know the contents of the answer; that the answer is true of my knowledge,

     except as to those matters stated on information and belief, and that as to those matters I believe them to

18   be true.

19        I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true

20   and correct.

21

22   07/19/2021                    Parnell Colvin
        *(Date)*                   *(Type or print name)*                          *(Signature)*

23

24

25

26

27

28

1
2                        **CERTIFICATE OF SERVICE**
3        I CERTIFY that on *(insert date answer was served)*      07/19/2021      , I served the
4   **ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER**, pursuant to JCRCP 5(b), by the
5   following method *(check one box)*:
6   ☒   Depositing a copy of the answer in the United States Mail, postage prepaid, to the address listed
7        below *(below insert name and mailing address of Plaintiff or Plaintiff's attorney)*.
8   ☐   Delivering, by hand delivery, a copy of the answer to the address listed below and leaving it (i) with
9        Plaintiff or Plaintiff's attorney; (ii) at the office of Plaintiff or Plaintiff's attorney with a person in
10       charge or, if there is no one in charge, in a conspicuous place; or (iii) at Plaintiff's dwelling house
11       with a person of suitable age and discretion residing there *(below insert name and mailing address of
         Plaintiff, Plaintiff's attorney, or person of suitable age and discretion, as applicable)*.
12
13            Tako LLC
14            2411 Taragato Ave
15            Henderson, Nv
16            89052
17       I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true
    and correct.
18       07/19/2021                    Parnell Colvin
19          *(Date)*                 *(Type or Print Name)*                    *(Signature)*
20
21
22
23
24
25
26
27
28

© 2014 Civil Law Self-Help Center
Clark County, Nevada

Page 5 of 5

ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER
(REV. 2.1,02-01-14)

**For forms and information, visit www.civillawselfhelpcenter.org**

Las Vegas Justice Court
Electronically Filed
7/21/2021 3:36 PM
Melissa Saragosa
CLERK OF THE COURT

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

2:21-cv-01373-APG-BNW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

FILED
ENTERED
JUL 2 1 2021
CLERK US COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

SERVED ON
Tako LER
OF RECORD

## I. (a) PLAINTIFFS

Parnell Colvin, Pro Se

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff   CLARK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   CLARK
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Parnell Colvin, Pro Se
6681 TARA AVE, LAS VEGAS, NV 89146

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | / [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | |
| | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
TITTLE 28 USC SECTION 1441

Brief description of cause:
REMOVING CASE FROM STATE COURT TO FEDERAL COURT THAT HAS JURISDICTION OVER MY FEDERAL ISSUES AND CLAIMS.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   MELISSA SARAGOSA   DOCKET NUMBER   21E014316

DATE
JULY 21, 2021

SIGNATURE OF ATTORNEY OF RECORD
PARNELL COLVIN, PRO SE

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case Number: 21E014316

State courts do not adjudicate whether an action could be properly removed. Once a defendant has filed a notice to remove a case, jurisdiction is transferred automatically and *immediately* by operation of law from the state court to the federal court. Any objection to removal must be presented to the federal court. If a federal court finds that the notice of removal was in fact defective, or that the federal court does not have jurisdiction, the case is remanded to the state court.

A defendant used to have to formally petition the federal court for the right to remove, and jurisdiction was not transferred until the federal court entered a formal order to that effect. The petition procedure was abolished around 1980 by Congress and replaced with the simple filing-of-notice removal procedure, although federal courts still see the occasional petition for removal or a motion for remand due to the lack of such a petition.

There is no reverse "removal". That is, if a case originates in a federal court, there is no ability for a defendant to remove a case from federal court into state court. If the federal court lacks jurisdiction, the case is dismissed. Only cases that originate in a state court and are improperly removed to a federal court may be sent back to the state court where they started.

A defendant can waive the right to remove by contract, although courts take different positions about what language is necessary to create a waiver.[7]

Remand orders are not generally appealable, but may be appealed in the case of removals brought under the Class Action Fairness Act of 2005 or where the Federal Deposit Insurance Corporation appeals a remand order under 12 U.S.C. § 1819(b)(2)(C). An alleged waiver of removal rights is also appealable, since the issue is not jurisdiction but the legal effect of the defendant's actions and agreements.

# References

1. *Caterpillar, Inc. v. Lewis*. 519 U.S. 61 (https://supreme.justia.com/cases/federal/us/519/61/) (1996).
2. Federalist No. 80
3. *Destfino v  Reiswig*, 630 F.3d 952 (9th Cir. 2011).
4. Samuel S. Wilson, Criminal Power (http://www.ca6.uscourts.gov/lib_hist/cases/criminal.html), History of the Sixth Circuit
5. https://www.law.cornell.edu/uscode/text/28/1442 RET. April 09, 2018
6. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003)
7. Coale, Visosky & Cochrane, *Contractual Waiver of the Right to Remove to Federal Court* (http://600camp.com/wp-content/uploads/2012/01/Right-to-Remove-Article.pdf)," 29 Rev. Litig. 327 (2010).

# External links

- 28 U.S.C § 1441 - Actions removable generally (https://www.law.cornell.edu/uscode/text/28/1441-)

Retrieved from "https://en.wikipedia.org/w/index.php?title=Removal_jurisdiction&oldid=881233325"

This page was last edited on 1 February 2019, at 07:07 (UTC).

# EXHIBIT F

Las Vegas Justice Court
Electronically Filed
7/28/2021 10:08 AM
Melissa Saragosa
CLERK OF THE COURT

# JUSTICE COURT, TOWNSHIP OF LAS VEGAS
## CLARK COUNTY, NEVADA

Owner's Name: TAKO LLC

Business Name:

Agent's Name: VEGAS VALLEY EVICTIONS

Address: 215 E WARM SPRINGS RD #109

City, State, Zip: LAS VEGAS, NV 89119

Phone: 702-896-8995

E-Mail: AR@VEGASVALLEYEVICTIONS.COM

**Landlord,**

vs.

Tenant's Name: PARNELL COLVIN, ETAL

**Tenant,**

Case No.: 21E014316

Dept. No.: LVJC Civil Evictions

### LANDLORD'S AFFIDAVIT/COMPLAINT FOR SUMMARY EVICTION

☐ Nuisance/Waste/Assigning/Subletting/ Unlawful Business/Controlled Substance Violation

☐ Perform Lease Condition

☐ Tenancy-At-Will

☑ No Cause

Landlord or Landlord's authorized agent states as follows pursuant to NRS 40.254:

1. I am the *(check one box)* ☐ owner or ☑ owner's agent of the rental premises located at *(insert rental's address, including city, state, zip)* 6681 TARA AVE LAS VEGAS, NV 89146

2. The tenancy started on *(insert date)* 04/01/18

3. The tenancy is a *(check one box)* ☑ periodic month-to-month ☐ periodic week-to-week ☐ fixed-term with the tenancy ending on *(insert date tenancy ends)* _____ ☐ tenancy-at-will or ☐ other *(describe)* _____

4. Tenant has not complied with the terms of the rental agreement or with the obligations of tenants set forth in Chapter 118A of the NRS as follows *(describe tenant's violation)*: SERVED TENANT 30 DAY NOTICE AND UNLAWFUL DETAINER NOTICE AND THEY REFUSED TO VACATE THE PREMISES.

5. Tenant was served with a written notice to quit on *(insert date notice served)* 07/15/21 in compliance with NRS 40.280, and a copy of that notice is attached or submitted with this complaint.

6. I examined the rental property on *(insert date you examined the property)* 07/27/21 and Tenant remained in possession. In addition, if Tenant was served with a Five-Day Notice to Perform Lease Condition or Quit, Tenant did not perform that lease condition as of the date of my examination.

© 2021 Civil Law Self-Help Center

Page 1 of 3

LANDLORD'S AFFIDAVIT/COMPLAINT FOR SUMMARY EVICTION
(REV.6/10/21)

**For forms and information, visit www.civillawselfhelpcenter.org**

1    7.  I ■ do not ☐ do request to mediate this issue. *(Answer the following questions even if you*

2    *are not requesting mediation.)*

3    8.  If sent to mediation, I prefer *(check one box)* ☐ an in-person mediation ■ a telephonic

4    mediation ☐ a video-conference mediation.

5    9.  The following individual has the authority to settle the case and would participate in

6    mediation if mediation proceeds: *(check all that apply)* ☐ myself ■ other individual with authority:

7    *(write the names of all the individuals with authority who plan to be at the mediation)*

8    ANDREA RICHARDS-VEGAS VALLEY EVICTIONS

9    10. The mediator may contact me/the individual with settlement authority at the following.

10   Phone number: *(insert the best phone number for the mediator to make contact)*

     702 _ 896 _ 8995

11

12   Email: *(insert the best email for the mediator to make contact)*

     AR@VEGASVALLEYEVICTIONS.COM

13

14   Mailing Address: *(insert best mailing address for mediator to make contact)*

     *(Street Address):*     215 E WARM SPRINGS RD #109

15   *(City, State, Zip):*    LAS VEGAS, NV 89119

16

17   11. Tenant ☐ is *not* ■ is in default of rent. *(If tenant is not in default, move on to signature line of the form.)*

18       a.  ☐ I am moving for an exemption from a stay of this case due to a realistic threat of

19       foreclosure. The following facts demonstrate that I am facing a realistic threat that the

20       rental property will be foreclosed upon unless I am able to evict the tenant *(describe what facts*

21       *that show threat of foreclosure):*

22       _____

23       _____

24       b.  ■ I am moving to rebut Tenant's affirmative defense regarding a pending rental

25       assistance application based on the following facts: *(describe what facts support your rebuttal to the*

26       *affirmative defense):*

27       LANDLORD WAS NOT NOTIFIED BY TENANT OF

28       APPLICATION FOR RENTAL ASSISTANCE.

1    12. Tenant *(check one box)* ☐ did *not* sign a written rental agreement, or ■ did sign a written

2    rental agreement, and a copy of that agreement is attached or submitted with this complaint.

3    13. Tenant's rent *(check one box)* ■ is *not*, or ☐ is subsidized by a public housing authority or

4    governmental agency, and a copy of the Housing Assistance Payment Contract (or "HAP") is attached or

5    submitted with this complaint and I have provided Southern Nevada Regional Housing Authority with a

6    copy of the eviction notice pursuant to 24 C.F.R. § 982.310(e)(2)(ii).

7         THEREFORE, Landlord asks the Court to enter an Order for Summary Eviction of Tenant.

8         I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true

9    and correct.

10   **07/27/21**          **JANAE' GREEN**

11   *(Date)*               *(Print your name)*          *(Sign your name)*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

© 2021 Civil Law Self-Help Center

LANDLORD'S AFFIDAVIT/COMPLAINT FOR SUMMARY EVICTION
(REV.5/2021)

**For forms and information, visit www.civillawselfhelpcenter.org**

## FIVE-DAY NOTICE OF UNLAWFUL DETAINER
### (NRS 40.254)

TO:  PARNELL COLVIN, ETAL
_____
       *Tenant(s) Name(s)*

6681 TARA AVE
_____
*Address*

LAS VEGAS, NV 89146
_____
*City, State, Zip Code*

FROM:  TAKO LLC
                           *Landlord's Name*

215 E WARM SPRINGS RD #109
_____
*Address*

LAS VEGAS, NV 89119
_____
*City, State, Zip Code*

702-896-8995
_____
*Telephone Number*

### YOU ARE GUILTY OF AN UNLAWFUL DETAINER. YOU ARE REQUIRED TO QUIT THE PREMISES.

**YOU MAY CONTEST THIS NOTICE** by filing an Affidavit (or Answer), no later than the fifth full judicial day [1] following the Date of Service of this notice, with the Justice Court for the Township of *(insert name of township where property is located)* LAS VEGAS _____, stating that you are not guilty of an unlawful detainer.
The Justice Court is located at *(insert Justice Court's address)*:

## 200 LEWIS AVE LAS VEGAS, NV 89101

**YOU CAN OBTAIN AN AFFIDAVIT/ANSWER FORM AND INFORMATION** at the Civil Law Self-Help Center, located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.

If the court determines that you are guilty of an unlawful detainer, the court may issue a summary order for your removal or an order providing for your nonadmittance, directing the sheriff or constable to remove you within twenty-four (24) hours after receipt of the order. You may request that the court stay the execution of the order for removal or nonadmittance for a period of no more than 10 days by stating the reasons why a stay is warranted.

Pursuant to NRS 118A.390, you may seek relief if a landlord unlawfully removes you from the premises, or excludes you by blocking or attempting to block your entry upon the premises, or willfully interrupts or causes or permits the interruption of an essential service required by the rental agreement or chapter 118A of the Nevada Revised Statutes.

### DECLARATION OF SERVICE

On *(insert date of service)* **JUL 1 5 2021** _____, I served this notice in the following manner *(check only one)*:

☐  By delivering a copy to the tenant(s) personally.

☐  Because the tenant(s) was absent from tenant's place of residence, by leaving a copy with *(insert name or physical description of person served)* _____, a person of suitable age and discretion, AND mailing a copy to the tenant(s) at tenant's place of residence.

☑  Because neither tenant nor a person of suitable age or discretion could not be found there, by posting a copy in a conspicuous place on the property, AND mailing a copy to the tenant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

**JUL 1 5 2021** _____  Kevin Dunn   R-2019-03009/NV#1711 _____
*(Date)*          *(Server's Name)*        *(Server's Badge/License #)* [2]         *(Server's Signature)*

[1] Judicial days do not include the date of service, weekends, or certain legal holidays.
[2] A server who does not have a badge or license number may be an agent of an attorney licensed in Nevada. Notices served by agents must also include an attorney declaration as proof of service.

(Rev. 6/25/19)

© 2019 – Civil Law Self-Help Center, Clark County, Nevada

**UNITED STATES POSTAL SERVICE**

## Certificate of Mailing — Firm (Domestic)

| Name and Address of Sender | Total No. of pieces listed by Sender | Total No. of pieces received at Post office | Postmaster, Per (Signer) |
|---|---|---|---|
| VVE<br>215 E WARM SPRINGS RD<br>#109<br>LAS VEGAS, NV 89119 | 6 | 6 | |

| | Address |
|---|---|
| 1 | ASHLEY SLOCUM, SALOME AGUILAR, DANIEL BRANDON POISON IVY, ETAL<br>6125 ROSALITA AVE LAS VEGAS, NV 99108 |
| 2 | LARRY WENTZKY, ETAL<br>4505 PARADISE RD #3125 LAS VEGAS, NV 89169 |
| 3 | PARNELL COLVIN, ETAL<br>6681 TARA AVE LAS VEGAS, NV 89146 |
| 4 | JORDAN SIGANOFF, ETAL<br>9975 PEACE WAY #2127 LAS VEGAS, NV 89147 |
| 5 | JENNIFER KENNEDY, ETAL<br>5805 CRYSTAL POND ST NORTH LAS VEGAS, NV 89031 |
| 6 | ERIKA EMERSON, ETAL<br>126 LA TOURETTE CT LAS VEGAS, NV 89148 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

USPS EMERALD STATION LAS VEGAS NV 89103 JUL 15 2021

U.S. POSTAGE PAID
LAS VEGAS, NV
89103
JUL 15, 21
AMOUNT
$2.64
R2303S101825-20

0000

Address

# THIRTY-DAY "NO CAUSE" NOTICE TO QUIT
## (NRS 40.251)

TO: PARNELL COLVIN, ETAL
_____
*Tenant(s) Name(s)*

6681 TARA AVE
_____
*Address*

LAS VEGAS, NV 89146
_____
*City, State, Zip Code*

FROM: TAKO LLC
_____
*Landlord's Name*

215 E WARM SPRINGS RD #109
_____
*Address*

LAS VEGAS, NV 89119
_____
*City, State, Zip Code*

702-896-8995
_____
*Telephone Number*

Date of Service:  08/02/21
_____

**PLEASE TAKE NOTICE** that you are hereby required to vacate the premises within thirty (30) calendar days following the Date of Service of this notice. If you do not comply with this notice, your possession of the premises will be unlawful (called "unlawful detainer"), and your landlord may initiate an eviction against you by either serving you with a Five-Day Notice to Quit for Unlawful Detainer or a Summons and Complaint for Unlawful Detainer. If the court determines that you are guilty of an unlawful detainer, the court may issue a summary order for your removal or an order providing for your nonadmittance, directing the sheriff or constable to remove you within twenty-four (24) hours after receipt of the order.

> If you are sixty (60) years of age or older, or if you have a physical or mental disability, and your tenancy is not week-to-week, you may make a written request to your landlord to be allowed to continue in possession of the rental premises for an additional thirty (30) days past the expiration of this notice. You must provide your landlord with proof of your age or disability with your written request. If your landlord rejects your request, you have the right to petition the court to continue in possession of the rental unit for an additional thirty (30) days.

Pursuant to NRS 40.251, if you receive this notice during a government shutdown and you are a federal worker, tribal worker, state worker, or household member of such a worker, you may request to be allowed to continue in possession during the period commencing on the date on which a shutdown begins and ending on the date that is 30 days after the date on which the shutdown ends by submitting a written request for the extended period and providing proof that you are a federal worker, tribal worker, state worker, or household member of such a worker during a shutdown. The landlord who receives this request shall allow you to continue in possession for the period requested unless the court orders otherwise.

Pursuant to NRS 118A.390, you may seek relief if a landlord unlawfully removes you from the premises, or excludes you by blocking or attempting to block your entry upon the premises, or willfully interrupts or causes or permits the interruption of an essential service required by the rental agreement or chapter 118A of the Nevada Revised Statutes.

**YOU CAN OBTAIN INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES** in this matter from the Civil Law Self-Help Center, which is located on the first floor of the Regional Justice Center in downtown Las Vegas, or on its website, www.CivilLawSelfHelpCenter.org.

## DECLARATION OF SERVICE

JUN 0 2 2021

On *(insert date of service)* _____, I served this notice in the following manner *(check only one)*:

☐ By delivering a copy to the tenant(s) personally.

☐ Because the tenant(s) was absent from tenant's place of residence, by leaving a copy with *(insert name or physical description of person served)* _____, a person of suitable age and discretion, AND mailing a copy to the tenant(s) at tenant's place of residence.

☑ Because neither tenant nor a person of suitable age or discretion could not be found there, by posting a copy in a conspicuous place on the property, AND mailing a copy to the tenant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

JUN 0 2 2021          Kevin Dunn     R-2019-03009/NV#1711          _____
*(Date)*              *(Server's Name)*     *(Server's Badge/License #)*          *(Server's Signature)*

---

[1] A server who does not have a badge or license number may be an agent of an attorney licensed in Nevada. Notices served by agents must also include an attorney declaration as proof of service.

(Rev. 6/25/19)

© 2019 – Civil Law Self-Help Center

# UNITED STATES POSTAL SERVICE

## Certificate of Mailing – Firm (Domestic)

| Name and Address of Sender | Total No. of pieces listed by Sender | Total No. of pieces received at Post office | Postmaster, Per (Signer) |
|---|---|---|---|
| VVE 215 E WARM SPRINGS RD #109 LAS VEGAS, NV 89119 | 26 | 26 | |

U.S. POSTAGE PAID
LAS VEGAS, NV
89199
JUN 02, 21
AMOUNT
$11.44
R2307M162619-48

JUN - 6 2021

| | Address |
|---|---|
| 1 | BRANDY PROVENZANO, ETAL 113 WOODLEY ST LAS VEGAS, NV 89106 |
| 2 | SAMAICA DAVIS, ETAL 4300 W LAKE MEAD BLVD #202 LAS VEGAS, NV 89108 |
| 3 | JOSE RUIZ, CINDY EVANGELISTA, ETAL 1387 STILLWATER BRIDGE ST LAS VEGAS, NV 89142 |
| 4 | SAVANNAH LIN ROSA, RONALD ROSA, ETAL 2153 GRAVEL HILL ST #104 LAS VEGAS, NV 89117 |
| 5 | PATRICIA A. LOREE, JOHN NEVAREZ, ETAL 6628 IRONBOUND BAY AVE LAS VEGAS, NV 89139 |
| 6 | JEFFREY HEITNER, NICCOLE LEE HEITNER, ETAL 3220 MALIBU VISTA ST LAS VEGAS, NV 89117 |
| 7 | JENNIFER VARGAS, JUAN ALVERADO, ETAL 6432 BANNOCK WAY LAS VEGAS, NV 89107 |
| 8 | PARNELL COLVIN, ETAL 6661 TARA AVE LAS VEGAS, NV 89146 |
| 9 | ERIC JIMENEZ, ETAL 1804 DAVID AVE LAS VEGAS, NV 89101 |
| 10 | ACC INDUSTRIES INC, JOHN SANCHEZ, ETAL 11090 BANDON DUNES CT LAS VEGAS, NV 89141 |
| 11 | TULAY BESI, ETAL 840 KING RICHARD AVE #43 LAS VEGAS, NV 89119 |
| 12 | ELLA HAWES, ETAL 4224 THYME AVE LAS VEGAS, NV 89110 |
| 13 | DARIC DUNCAN, ETAL 436 ANATOLIA LN LAS VEGAS, NV 89145 |

| | Address |
|---|---|
| 14 | RUDY ARAUJO, AUTUMN HUERTA, ETAL 3059 KEY LARGO DR #204 LAS VEGAS, NV 89120 |
| 15 | LARRY GORDON WENTZKY, ETAL 4505 PARADISE RD #3125 LAS VEGAS, NV 89169 |
| 16 | NICOLE CHARLOTTE ANDERSON, ETAL 4505 PARADISE RD #3221 LAS VEGAS, NV 89169 |
| 17 | KEAIRA BELVINS, ETAL 831 S 3RD ST #9 LAS VEGAS, NV 89101 |
| 18 | WENDY DELGADO, ETAL 4637 DENNIS WAY LAS VEGAS, NV 89121 |
| 19 | BRITTANY ANDERSON, JEREMIAH ANDERSON, ETAL 7221 EAGLE CREST ST LAS VEGAS, NV 89131 |
| 20 | RICHARD RUPPERT, ETAL 10511 HAYWOOD DR LAS VEGAS, NV 89135 |
| 21 | RICHARD ABBINANTI, ETAL 831 S 3RD ST #6 LAS VEGAS, NV 89101 |
| 22 | RYAN JUSTICE, ETAL 831 S 3RD ST #18 LAS VEGAS, NV 89101 |
| 23 | BIANCA DANIELLE STILL, ETASL 4505 PARADISE RD #6610 LAS VEGAS, NV 89169 |
| 24 | FELIKS GALSTYAN, ETAL 2010 ALBERTI CT LAS VEGAS, NV 89117 |
| 25 | MARTHA SANDOVAL, ETAL 3145 MOUNTAIN SPRING RD LAS VEGAS, NV 89146 |
| 26 | HUILAN CUI, ETAL 9405 GREENVILLE AVE LAS VEGAS, NV 89134 |





# RESIDENTIAL LEASE AGREEMENT
for

6681 Tara Ave _____ Las Vegas _____ NV   89146
(Property Address)

1. **This AGREEMENT** is entered into this __15th__ day of __March__, 20 18 between
OWNER'S Name: _____ TAKO LLC _____ OWNER'S Name: _____
(collectively, hereinafter, "OWNER" and/or "LANDLORD") legal owner(s) of the property and
TENANT's Name: ___ Parnell Colvin ___ TENANT's Name: WHO 503-361-5'88
TENANT's Name: ___ 503-490-6564 ___ TENANT's Name: _Monique_
(collectively, "TENANT"), which parties hereby agree to as follows:

2. **PREMISES:** LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD, subject to
the terms and conditions of the lease, the Premises known and designated as  6681  Tara Ave
_____ Las Vegas _____ NV   89146 ("the Premises"). Premises Mail Box # _____
Parking Space # _____ Storage Unit # _____ Other _____

3. **TERM:** The term hereof shall commence on __04/01/18__ and continue until __08/31/20__, with
a total rent of $ ___ 63,360.00 ___, then on a month-to-month basis thereafter, until either party shall terminate
the same by giving the other party thirty (30) days written notice delivered by U.S. mail or electronic mail.  (All
calculation based on 30 day month), as governed by paragraph 23 herein.

4. **RENT:** TENANT agrees to pay, without demand, to LANDLORD as rent for the Premises the total sum of
$ ___ 2,640.00 ___ per **month** on the first day of each calendar month,
at _____ 6292 Spring Mountain Rd Las Vegas 89146 _____ or at such other place as
LANDLORD may designate in writing.

5. **SUMMARY:** The initial rents, charges and deposits are as follows:

| | Total | Received | Balance Due |
|---|---|---|---|
| Rent: From 03/16/18 To 03/31/18 | $ 1387 | $ 1387 | $ |
| Security Deposit | $ 2600 | $ 2600 | $ |
| Key Deposit | $ 50 | $ 50 | $ |
| Admin/Credit App Fee (non-refundable) | $ | $ | $ |
| Pet Deposit | $ | $ | $ |
| Cleaning Deposit | $ 300 | $ 300 | $ |
| Cleaning Fee (non-refundable) | $ | $ | $ |
| Additional Security | $ | $ | $ |
| Utility Proration | $ | $ | $ |
| Sewer/Trash Proration | $ 40 | $ 40 | $ |
| Pre-Paid Rent | $ | $ | $ |
| Pro-Rated Rent for | $ | $ | $ |
| Other | $ | $ | $ |
| Other | $ | $ | $ |
| Other | $ | $ | $ |
| **TOTAL** | $ 4377.00 | $ 4377.00 | $ |

6. **ADDITIONAL MONIES DUE:**
   Tenant need to pay rent on April 1, 2018 for $2640 (2600+40).  Tenant
   agrees to take care the pool, front yard and backyard by tenant
   self

Property  6681  Tara Ave _____ Las Vegas _____ NV   89146
Owner's Name ___ TAKO LLC ___ Owner's Name _____
Tenant ___ Parnell Colvin ___ Initials PC     Tenant _____ Initials _____
Tenant ___ 503-490-6564 ___ Initials _____     Tenant _____ Initials _____

This form presented by Xing R Mao | AHP Realty LLC | 7022481818 |
xiwimaw@hotmail.com

**7.   ADDITIONAL FEES:**

   **A. LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ 75 plus $ 20 per day for each day after 5 days that the sum was due. Such amounts shall be considered to be rent.

   **B. DISHONORED CHECKS:** A charge of $ 75 shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

   **C. ADDITIONAL RENT:** All late fees and dishonored check charges shall be due when incurred and shall become additional rent. Payments will be applied to charges which become rent in the order accumulated. All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape/pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, or as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

**8.   SECURITY DEPOSITS:** Upon execution of this Agreement.
TENANT's Name:  Parnell Colvin  TENANT's Name:  503-490-6564
TENANT's Name:  TENANT's Name:
shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 5. TENANT shall not apply the Security Deposit to, or in lieu of, rent. At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due LANDLORD under this Agreement. Any termination prior to the initial term set forth in paragraph 3, or failure of TENANT to provide proper notice of termination, is a default in the payment of rent for the remainder of the lease term, which may be offset by the Security Deposit. Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of surrender of premises. TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund. At the termination of this agreement, the TENANT identified in this paragraph will be refunded the remaining security deposit (if any). In the event of damage to the Premises caused by TENANT or TENANT's family, agents or visitors, LANDLORD may use funds from the deposit to repair, but is not limited to this fund and TENANT remains liable for any remaining costs. (In addition to the above, to be refundable, property must be professionally cleaned to include carpets and all hard surface flooring including tile and grout.) Upon request by Landlord, Tenant must furnish receipts for professional cleaning services.

**9.   CONDITION OF PREMISES:** TENANT agrees that TENANT has examined the Premises, including the grounds and all buildings and improvements, and that they are, at the time of this Lease, in good order, good repair, safe, clean, and rentable condition.

Property  6681 Tara Ave  Las Vegas  NV  89146
Owner's Name  TAKG LLC  Owner's Name
Tenant  Parnell Colvin  Initials  PC  Tenant  Initials
Tenant  503-490-6564  Initials  Tenant  Initials

This form presented by King & Mac | AMP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com   instanetforms

10. **TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees.

11. **EVICTION COSTS:** TENANT shall be charged an administrative fee of $ _____ 375 _____ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

12. **CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following:

| | | |
|---|---|---|
| _1_ Door key(s) | _1_ Garage Transmitter/Fob(s) | _____ Pool Key(s) |
| _1_ Mailbox key(s) | _____ Gate Card/Fob(s) | _____ Other(s) _____ |
| _____ Laundry Room key(s) | _____ Gate Transmitter/Fob(s) | _____ Other(s) _____ |

TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

13. **CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD. The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space. TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

14. **OCCUPANTS:** Occupants of the Premises shall be limited to _____ 6 _____ persons and shall be used solely for housing accommodations and for no other purpose. TENANT represents that the following person(s) will live in the Premises:
Parnell Colvin, Monique, Malaysia, Elilah, Parnell JR, Annastashia

15. **GUESTS:** The TENANT agrees to pay the sum of $ _____ 10.00 _____ per day for each guest remaining on the Premises more than _____ 10 _____ days. Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than _____ 30 _____ days.

16. **UTILITIES:** TENANT shall immediately connect all utilities and services of premises upon commencement of lease. TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner.

| | | | |
|---|---|---|---|
| Electricity _T_ | Trash _T_ | Trash Can Rental _T_ | Phone _T_ |
| Gas _T_ | Sewer _T_ | Cable _T_ | Other _____ |
| Water _T_ | Septic _T_ | Association Fees _N/A_ | Other _____ |

a. TENANT is responsible to connect the following utilities in TENANT'S name:
ALL _____

Property: _5551 Kara Ave_ _____ _Las Vegas_ _NV_ _89146_
Owner's Name _TAKO LLC_ _____ Owner's Name _____
Tenant _Parnell Colvin_ Initials _PC_ Tenant _____ Initials _____
Tenant _803-490-6562_ Initials _____ Tenant _____ Initials _____

Residential Lease Agreement Rev. 10-16     © 2016 Greater Las Vegas Association of REALTORS®     Page 3 of 13

b.   LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly for the entire term of the lease: _____
N/A

c.   No additional phone or cable lines or outlets or satellite dishes shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent, TENANT shall be responsible for all costs associated with the additional lines, outlets or dishes. TENANT shall also remove any satellite dishes and restore the subject property to its original condition at the termination of this Agreement.

d.   If an alarm system exists on the Premises, TENANT may obtain the services of an alarm services company and shall pay all costs associated therewith.

e.   TENANT shall not default on any obligation to a utility provider for utility services at the Property. Owner does not pay for any utilities, excluding any such UTILITIES THAT ARE INCLUDED IN HOME OWNER'S ASSOCIATION DUES. TENANT must show all utilities giving service to said property have a zero balance upon move out.

f.   Other: _____

**17.  PEST NOTICE:** TENANT understands that various pest, rodent and insect species (collectively, "pests") exist in Southern Nevada. Pests may include, but are not limited to, scorpions (approximately 23 species, including bark scorpions), spiders (including black widow and brown recluse), bees, snakes, ants, termites, rats, mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy, if the Premises has pests, LANDLORD, at TENANT's written request, will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. For more information on pests and pest control providers, TENANT should contact the State of Nevada Division of Agriculture.

**18.  PETS:** No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet, TENANT will complete an Application for Pet Approval. Should written permission be granted for occupancy of the designated pet, an additional security deposit in the amount of $ 300 will be required and paid by TENANT in advance subject to deposit terms and conditions aforementioned. In the event written permission shall be granted, TENANT shall be required to procure and provide to LANDLORD written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury. Said policy shall name LANDLORD and LANDLORD'S AGENT as additional insureds.   A copy of said policy shall be provided to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER prior to any pets being allowed within the Premises.  If TENANT obtains a pet without written permission of LANDLORD, such will be an event of default under paragraph 21.  TENANT further agrees to pay an immediate fine of $ 300 . TENANT agrees to indemnify LANDLORD for any and all liability, loss and damages which LANDLORD may suffer as a result of any animal in the Premises, whether or not written permission was granted.

*(This Space Intentionally Left Blank)*

| | | | | |
|---|---|---|---|---|
| Property: 6681  Tara Ave | | Las Vegas | NV | 89146 |
| Owner's Name: FAKO LLC | | Owner's Name | | |
| Tenant   Parnell Colvin | Initials PC | Tenant | | Initials |
| Tenant   503-490-8564 | Initials | Tenant | | Initials |

Residential Lease Agreement Rev. 10.16          © 2016 Greater Las Vegas Association of REALTORS®                    Page 4 of 15

**19. RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats, campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as follows:
**N/A**

TENANT shall not conduct nor permit any work on vehicles on the premises without the express written consent of the Owner.

**20. ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent. Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture permanently affixed to the Premises. Unless otherwise agreed in writing between TENANT and LANDLORD, TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or improvements if requested by LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

**21. DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default, LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT, including any and all fees related to eviction and reletting of the subject property. LANDLORD may pursue any and all legal and equitable remedies available.

**a.** FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply any such security deposit at any time in lieu of payment of rent. IF TENANT fails to comply, such security deposit shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied or deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a TENANT leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore, any deposit shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be forfeited by the TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of default, by TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days' notice from LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any other remedy available by law, equity or otherwise.

**b.** TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection Agency. TENANT understands and acknowledges that LANDLORD/Owner may give an Attorney or a Collection Agency, TENANT's personal information, including but not limited to, TENANT's social security number or any other information to aid in collection efforts and holds LANDLORD, Broker, and Owner harmless from any liability in relation to the release of any personal information to these entities.

**22. ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a waiver of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be construed to waive any right of LANDLORD or affect any notice of termination or eviction.

| | | | | | |
|---|---|---|---|---|---|
| Property | 6681 Tara Ave. | | | Las Vegas | NV  89146 |
| Owner's Name | TAKO LLC | | Owner's Name | | |
| Tenant | Parnell Colvin | Initials __ | Tenant | | Initials __ |
| Tenant | 702-490-5554 | Initials __ | Tenant | | Initials __ |

Residential Lease Agreement Rev. 10.16        © 2016 Greater Las Vegas Association of REALTORS®        Page 5 of 13

This form presented by King R Mao | AIP Realty LLC | 702-248-1818 | vivianmtg@hotmail.com

    a.  ABANDONMENT. LANDLORD is entitled to presume per NRS 118A.450 that TENANT has abandoned the Premises if the TENANT is absent from the premises for a period of time equal to one-half the time for periodic rental payments, unless the rent is current or the TENANT has in writing notified the landlord of an intended absence.

    b.  If at any time during the term of this Lease, TENANT abandons the Premises, LANDLORD shall have the following rights. LANDLORD may, at LANDLORD's option, enter the Premises by any means without liability to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting. At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting.

        LANDLORD also may dispose of any of TENANT's abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT.

**23. NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the Premises. Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement. In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by _____ 20 _____ %.

**24. TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT'S property. TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted.

**25. EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential services/emergencies on behalf of the LANDLORD is as follows: _____
Carol 702-488-5569, Vivian 702-302-1530

**26. MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition. TENANT shall immediately report to the LANDLORD any defect or problem on the Premises. TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence. TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the costs of remediation of such damage. TENANT shall be responsible for any MINOR repairs necessary to the Premises up to and including the cost of $ ____ 100 ____. TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general. At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs. TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor.

    a.  TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs. However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

Property  5661  Tara Ave                                    Las Vegas           NV   89146
Owner's Name        TAKO LLC                    Owner's Name                              Initials ___
Tenant       Farrell Calvin       Initials _AC_   Tenant                                   Initials ___
Tenant       803-490-6554         Initials ___    Tenant                                   Initials ___

This form presented by Aing R Mao ( AMP Realty LLC ( 302-248-1818 )
vivianmg@hotmail.com

b.   TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c.   LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

d.   There _____ is -OR- __X__ is not a landscape contractor whose name and phone number are as follows:
_____

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner. LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and/or shrubs, trees and sprinkler system in good condition.

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees. TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees. If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost. Said costs shall immediately become additional rent.

e.   There _____ is -OR- __X__ is not a pool contractor whose name and phone number are as follows:
_____

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner. LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a contractor, TENANT agrees to maintain the pool, if any. TENANT agrees to maintain the water level, sweep, clean and keep in good condition. If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost. Said costs shall become additional rent.

f.   Smoking _____ will or __X__ will not be permitted in or about the Premises. TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises.

27. ACCESS: TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD. If TENANT fails to keep scheduled appointments with vendors to make necessary/required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent. TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

Property   6687   Tara Ave                                    Las Vegas        NV   89146
Owner's Name   TARO LLC                          Owner's Name _____
Tenant   Parnell Boivan          Initials  PC    Tenant _____   Initials _____
Tenant   (503) 490-6564          Initials _____   Tenant _____   Initials _____

Residential Lease Agreement Rev. 2016          © 2016 Greater Las Vegas Association of REALTORS®          Page 7 of 13

This form presented by King R Mao | AHR Realty LLC | 702-248-1616 |
viviannguyen@hotmail.com

a. **DISPLAY OF SIGNS**: During the last thirty (30) days of this Lease, LANDLORD or LANDLORD's agent may display For Sale or For Rent or similar signs on or about the Premises and enter to show the Premises to prospective purchasers or tenants. TENANT also authorizes Broker to use an electronic keybox to show the Premises during the last 30 days of lease. TENANT further agrees to execute any and all documentation necessary to facilitate the use of a lockbox.

28. **ASSOCIATIONS**: Should the Premises described herein be a part of a common interest community, homeowners association planned unit development, condominium development ("the Association") or such, TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations, Bylaws, Articles, Rules and Regulations) of such community and further agrees to be responsible for any fines or penalties levied as a result of failure to do so by TENANT, TENANT's family, licensees or guests. Noncompliance with the Governing Documents shall constitute a violation of this Agreement. Unless billed directly to TENANT by the Association, such fines shall be considered as additional rent and shall be due, along with the next monthly payment of rent. By initialing this paragraph, TENANT acknowledges receipt of a copy of the applicable Governing Documents. LANDLORD, at LANDLORD's expense, shall provide TENANT with any additions to such Governing Documents as they become available. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing use of the Premises and of the common areas (if any). [_____] [_____] [_____] [_____]
[_____]

29. **INVENTORY**: It is agreed that the following inventory is now on said premises. (Check if present; cross out if absent.)

| | | |
|---|---|---|
| X Refrigerator | ___ Intercom System | ___ Spa Equipment |
| X Stove | ___ Alarm System | ___ Auto Sprinklers |
| X Microwave | ___ Trash Compactor | ___ Auto Garage Openers |
| X Disposal | X Ceiling Fans | ___ BBQ |
| X Dishwasher | ___ Water Conditioner Equip. | ___ Solar Screens |
| X Washer | X Dryer | X Pool Equipment |
| X Garage Opener | ___ Gate Remotes | ___ Carpet |

___ Trash Can(s) (circle one) owner provided / trash service provided
X Floor Coverings (specify type) hard wood, Tile, Carpet _____
X Window Coverings (specify type) Blind _____
_____
_____

TENANT acknowledges that any appliances that are on the premises are for TENANT's use and convenience; however, in the event of a breakdown of said appliance(s) TENANT acknowledges that property manager, LANDLORD and or the owners are not responsible for any damages caused to TENANT's personal property, to include spoilage of food, beverage or clothing etc. as a result of said appliance break down.

*(This Space Intentionally Left Blank)*

| Property | 6681 Tara Ave | | Las Vegas | NV | 89146 |
|---|---|---|---|---|---|
| Owner's Name | TAKO LLC | | Owner's Name | | |
| Tenant | Parnell Colvin | Initials ___ | Tenant | | Initials ___ |
| Tenant | 503-490-6564 | Initials ___ | Tenant | | Initials ___ |

This form presented by King B Mao | AHP Realty LLC | 702-248-1616 | vivianotg@gmail.com    Instanet...

30. **INSURANCE.** TENANT __X__ is -OR- _____ is not required to purchase renter's insurance. LANDLORD, BROKERAGE, and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by fire or other casualty not due to TENANT's negligence or willful act, or that of TENANT's family, agent, or visitor, there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises is uninhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent shall be prorated up to the time of the damage.

TENANT hereby acknowledges that the OWNER of the subject property does __X__ or does not ___ have homeowner's insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact OWNER's insurance coverage under said policy.

31. **ILLEGAL ACTIVITIES PROHIBITED.** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or, to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county/city government or the local health or building departments. In addition continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

32. **ADDITIONAL RESPONSIBILITIES:**

a. TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD. LANDLORD is not responsible for maintaining screens.

b. With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and/or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

4. The Premises ____ will -OR- __X__ will not be freshly painted before occupancy. If not freshly painted, the Premises ____ will -OR- __X__ will not be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d. TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER/DESIGNATED PROPERTY MANAGER no less than __2__ business days of vacating the Premises.

e. Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

Property __6881 Tara Ave__ _____ Las Vegas __ NV __ 89146

Owner's Name __Tako LLC__          Owner's Name _____
Tenant __Darrell Colvin__   Initials __ AC __   Tenant _____  Initials _____
Tenant __702-490-6864__   Initials _____   Tenant _____  Initials _____

Residential Lease Agreement Rev. 10.15        ©2015 Greater Las Vegas Association of REALTORS®        Page 9 of 13

This form presented by Ying R. Nao | AHP Realty LLC | 702-249-1818 |
yaviamgt@hotmail.com

f. TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and/or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency. If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist, TENANT will notify LANDLORD in writing and provide a copy of the assessment/inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and/or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g. TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h. TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs; and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the TENANT consents, in writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate, political party or ballot question.

i. DANGEROUS MATERIALS. TENANT shall not keep or have on or around the Premises any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on or around the Premises or that might be considered hazardous.

**33. CHANGES MUST BE IN WRITING**: No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party. Such changes shall take effect after thirty days' notice to TENANT. This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement.

**34. CONFLICTS BETWEEN LEASE AND ADDENDUM**: In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

**35. ATTORNEY'S FEES**: In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

**36. NEVADA LAW GOVERNS**: This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

**37. WAIVER**: Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

| Property | 6601 | Tara Ave | | | | Las Vegas | | NV | 89146 |
|---|---|---|---|---|---|---|---|---|---|
| Owner's Name | | PRKG LLC | | | Owner's Name | | | | |
| Tenant | Parnell Colvin | | | Initials | Tenant | | | | Initials |
| Tenant | 702-400-6562 | | | Initials | Tenant | | | | Initials |

38. **PARTIAL INVALIDITY.** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

39. **VIOLATIONS OF PROVISIONS.** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

40. **SIGNATURES.** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

41. **LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, _____ is a licensed real estate agent in the State(s) of _____ and has the following interest, direct or indirect, in this transaction: ☐ Principal (LANDLORD or TENANT) -OR- ☐ family relationship or business interest: _____

42. **CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

TENANT's Brokerage: _____  Broker's Name: _____
DESIGNATED PROPERTY MANAGER
Agent's Name:  Xing R Mao                  Agent's License#: _____
Address:  6292 Spring Mountain Rd # 108              Las Vegas          NV    89146
Phone:      702-248-1818      Fax:    702-253-7384     Email:    viviannutg@hotmail.com

LANDLORD's Brokerage: _____  Broker's Name: _____
DESIGNATED PROPERTY MANAGER
Agent's Name: _____           Agent's License #: _____
Address: _____
Phone: _____    Fax: _____    Email: _____

43. **NOTICES.** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:

BROKERAGE: _____            BROKER: _____
DESIGNATED PROPERTY MANAGER
Address: _____
Phone: _____    Fax: _____    Email: _____

TENANT: Parnell Colvin          503-490-6564
Address: _____
Phone: _____    Fax: _____    Email: _____

Property  6681  Tara Ave                          Las Vegas        NV    89146
Owner's Name        TARO LLC              Owner's Name _____
Tenant      Parnell Colvin          Initials _PC_   Tenant _____  Initials _____
Tenant      503-490-6564             Initials _____ Tenant _____  Initials _____

This form presented by Xing R Mao | ABS Realty LLC | 702-248-1818 | viviannutg@hotmail.com

**44. MILITARY PROVISION** IN THE EVENT the TENANT is, or hereafter becomes, a member of the United States Armed Forces on extended active duty and hereafter the TENANT receives permanent change of station orders to depart from the area where the Premises are located, or is relieved from active duty, retires or separates from the military, or is ordered into military housing, then in any of these events, the TENANT may terminate this lease upon giving thirty (30) days written notice to the LANDLORD. The TENANT shall also provide to the LANDLORD a copy of the official orders or a letter signed by the TENANT's commanding officer, reflecting the change, which warrants termination under this clause. The TENANT will pay prorated rent for any days (he/she) occupy the premises past the first day of the month. The security deposit will be promptly returned to the TENANT, provided there are no damages to the premises as described by law.

**45. ADDENDA ATTACHED:** Incorporated into this Agreement are the following addenda, exhibits and other information:

A. ☐  Lease Addendum for Drug Free Housing
B. ☐  Lease Addendum for Illegal Activity
C. ☐  Smoke Detector Agreement
D. ☐  HOA Rules and Regulations
E. ☐  Other: _____
F. ☐  Other: _____
G. ☐  Other: _____
H. ☐  Other: _____

**46.   ADDITIONAL TERMS AND CONDITIONS:**
The Owner holding all the tenant security deposit.
The owner has agreed to release said security deposit to the tenant within a 30 day (end of the lease date) Said property has been maintained according to the property condition report or written, itemized account of the disposition of security deposit to the tenant.
Tenant hereby acknowledges property management is with Vivian.
Final inspection of said property. Please contact Carol Pang 702-488-5563
Vivian: 702-502-1530
Landlord will not allow anybody smoke inside of the premises.
The landlord has the right to enter the property prior 24 hours notice to the tenant.
Tenant needs to take care the front yard and backyard.
Tenant needs to replace AC filter every month.
Tenant agrees to take care the pool, front yard and backyard by tenant self.
It is tenant's responsibility to follow all the HOA rules and take care the violation letter and fines.
Tenant must keep the house clean and in good condition.

Property   6681   Tara Ave                                    Las Vegas        NV   89146
Owner's Name         JRKG LLC                Owner's Name
Tenant    Hannah Calvin        Initials         Tenant                Initials
Tenant    702-336-6500         Initials         Tenant                Initials

This form presented by Kang K Mae | AMB Realty LLC | 702-248-1818 |
vivianutg@gmail.com                                        Instanet

1
2
3
4
5
6
7
8
9
10
11
12 Landlord agrees to rent the Premises on the above terms and conditions.
13
14
15 *Xin R Mao*          03/15/2018
16 LANDLORD/OWNER              DATE          LANDLORD/OWNER              DATE
17 OR Authorized Signatory                  OR Authorized Signatory
18 TAKO LLC
19 PRINT NAME                                PRINT NAME
20
21
22 Tenant agrees to rent the Premises on the above terms and conditions.
23
24
25                              03/15/2018
26 TENANT'S SIGNATURE          DATE          TENANT'S SIGNATURE          DATE
27                                                      503-490-6564
28 Parnell Colvin
   PRINT NAME                                PRINT NAME
29
30
31 TENANT'S SIGNATURE          DATE          TENANT'S SIGNATURE          DATE
32
33 PRINT NAME                                PRINT NAME
34
35
36 ┌─────────────────────────────────────────────────────────────────┐
37 │ Real Estate Brokers and Designated Property Managers:             │
38 │   A.  Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as │
39 │       a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and │
40 │       Tenant.                                                     │
41 │   B.  Agency relationships are confirmed in paragraph 42.         │
42 └─────────────────────────────────────────────────────────────────┘

Property 6661  Tara Ave.                              Las Vegas      NV   89146
Owner's Name        TAKO LLC                 Owner's Name
Tenant    Parnell Colvin          Initials ___      Tenant                      Initials ___
Tenant    503-490-6564                       Tenant                      Initials ___

Residential Lease Agreement Rev. 10.16      ©2016 Greater Las Vegas Association of REALTORS®        Page 13 of 13

This form presented by Xing R Mao | AMP Realty LLC | 702-248-1818 |
yvonne@hotmail.com                                                         Instanet FORMS

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
July 07, 2021

1

2

3

4

5

6

7

8

9

10

11   **BRIAN D. SHAPIRO**
Trustee in Bankruptcy
12   510 S. 8th Street
Las Vegas, NV   89101
13   (702) 386-8600
(702) 383-0994
14   trustee@trusteeshapiro.com

15

16

17           **UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

18   In re

19

20       PARNELL SR COLVIN

21                   Debtor(s)

Case No. BK-21-12012-ABL
Chapter 7

ORDER FORMALLY DISMISSING
CHAPTER 7 CASE PURSUANT TO 11 U.S.C.
§521(i), 11 U.S.C. §§ 109, 111 AND
DISCHARGING TRUSTEE

22

23      The Trustee's Ex Parte Motion for Formal Dismissal of Chapter 7 Case Pursuant to 11

24   U.S.C. §521(i) and U.S.C. §§ 109, 111 having been filed and good cause appearing; it is hereby

25      ORDERED that this case is dismissed pursuant to 11 U.S.C. §521(i) and U.S.C. 11 §§

26   109, 111.  It is further

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDERED that Brian D. Shapiro, Trustee is hereby discharged as Trustee.

Submitted by:

*/s/ Brian D. Shapiro*
BRIAN D. SHAPIRO
Trustee

###

EXHIBIT G

Las Vegas Justice Court
Electronically Filed
8/26/2021 12:40 PM
Melissa Saragosa
CLERK OF THE COURT

# JUSTICE COURT, LAS VEGAS TOWNSHIP

## CLARK COUNTY, NEVADA

TAKO LLC,                                    )    CASE NO.: 21E014316
           Plaintiff,                        )
                               )
vs.                                                    )
                               )
PARNELL COLVIN,                       )    **ORDER VACATING HEARING**
           Defendant.                        )

       The Las Vegas Justice Court is in receipt of a document which Defendant filed as a "Notice" on July 21, 2021.

       Examination of the document filed by Defendant reveals that it is a "Civil Cover Sheet" from a Federal District Court filing. Nevertheless, it appears that Defendant intends this document to serve as a notice given as part of Defendant's efforts to "remove" the instant case to the United States District Court.

       Given that the United States District Court has assigned this "removed" case a case number, and that said case is at present pending in the United States District Court, this matter is stayed in the Las Vegas Justice Court until such time as the matter is remanded from the Federal Court. The hearing presently scheduled for September 7, 2021, is hereby vacated.

       **DATED** this 26th day of August, 2021.

MELISSA A. SARAGOSA
Chief Judge