UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PARNELL COLVIN, an individual,

                         Plaintiff,

    v.

TAKO LLC, a Nevada Limited Liability Company,

                       Defendants.

Case No. 2:21-cv-01373-APG-BNW

**Order Granting Motion to Dismiss**

[ECF No. 3]

Plaintiff Parnell Colvin commenced this action by filing an untitled document. ECF No. 1.  For purposes of this order, I will treat that document as a complaint.  Defendant Tako LLC moves to either remand this case to the Las Vegas Justice Court or dismiss it. ECF No. 3.  Colvin has not opposed the motion, so I could grant it for that reason. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").  But I will grant the motion in part on its merits because the complaint fails to state a claim.

Tako contends this court lacks subject matter jurisdiction over the case.  It argues that diversity jurisdiction does not exist because Parnell is a Nevada resident and Tako is a Nevada limited liability company. ECF No. 3 at 6.  But Tako does not identify the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").  Tako also asserts that the amount at issue in this case does not meet this court's $75,000.00 jurisdictional floor because Colvin owes $73,920.00 in rent. ECF No. 3 at 6.  Colvin does not

1  refute this contention, so even if there is complete diversity of citizenship of the parties, this

2  court still could not exercise diversity jurisdiction over this case.

3      But Colvin seems to base his complaint on federal question jurisdiction. *See* ECF No. 1 at

4  1 ("The plaintiff['s] claims are federal issue[s] and therefore the federal court should be the court

5  to hear and make a ruling on the merits."); *Id.* at 2 (referring to the automatic stay of the

6  bankruptcy code and the eviction moratorium issued by the federal Centers for Disease Control

7  and Prevention (CDC)).   While Tako argues that Colvin cannot prevail on his claims, that does

8  not mean his claims do not arise under the laws of the United States. 28 U.S.C. § 1331.  Federal

9  question jurisdiction might exist.

10      I will dismiss the complaint because it fails to state a claim.  Colvin contends that Tako's

11  efforts to evict him are barred by the eviction moratorium issued by the CDC. ECF No. 1.  But

12  the United States District Court for the District of Columbia held "that the CDC lacked statutory

13  authority to impose the moratorium," and the Supreme Court has signaled its agreement with that

14  outcome. *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2487 (2021)

15  (citing *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 2021 WL 1779282, at *10

16  (D.D.C. May 5, 2021)).  Thus, it appears the moratorium does not provide a basis for Colvin's

17  claims.  Regardless, the claim is not sufficiently pleaded for me to find it is plausible.

18      Colvin also contends he is protected from eviction by the automatic stay of the

19  bankruptcy code. ECF No. 1 at 2.  But his bankruptcy proceedings were dismissed on July 7,

20  2021, so the automatic stay was dissolved before Tako served its papers to evict Colvin more

21  than a week later. ECF No. 3 at 9; ECF No. 3-2.  Therefore, the bankruptcy code does not

22  prohibit Tako from evicting Colvin.

23

Colvin's complaint (such as it is) has not shown a plausible claim for relief.  Therefore, I must dismiss it. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that when claims have not crossed the line from conceivable to plausible they must be dismissed).

Tako's request that I remand this case to the Las Vegas Justice Court is improper because Colvin commenced this action with an initial pleading in this court.  If the case had been removed from state court, Colvin would remain the defendant as in the state court eviction case, and the operative pleading would be Tako's complaint.  Instead, Colvin is the plaintiff asserting claims against Tako. ECF No. 1.  Therefore, this is an original action and remand is improper.  Dismissal is the appropriate way to address Colvin's defective pleading.  Colvin is a *pro se* plaintiff, and because it may be possible for him to plausibly assert a valid claim, I will allow him to file an amended complaint if sufficient facts exist to do so.

I THEREFORE ORDER that the motion to dismiss **(ECF No. 3) is granted in part**.  The complaint (ECF No. 1) is dismissed.  I grant plaintiff Parnell Colvin leave to file an amended complaint, if sufficient facts exist to do so, by **December 10, 2021**.  If Colvin fails to file an amended complaint by that date, this case will be closed.

DATED this 23rd day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE